■ In the Matter of the Claim of Eric Hartman, Appellant. Roslyn Savings Bank, Respondent; Commissioner of Labor, Respondent. [684 NYS2d 42] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 10, 1997, which, inter alia, ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was terminated from his employment as a customer service representative for a bank after he failed to follow specific procedures for processing transactions involving the exchange of large denominations of currency for smaller denominations. Specifically, the record indicates that this service is normally provided as a courtesy to known depositors, usually merchants, and employees who process these transactions must follow certain procedures, including identifying the customer and entering the information on a teller's "check cashing sheet". Claimant admittedly did not follow these procedures with respect to a certain customer on May 2, 1997 and he had an unexplained shortfall of $1,300 at the end of

that day. After performing a cash flow analysis and reviewing the video security tape, the employer suspected that claimant mistakenly handed the customer packets containing $10 and $5 bills instead of $1 bills. The employer's witness testified that claimant's failure to properly document the transaction hindered the effort to recover the money.

Given claimant's failure to comply with the employer's established policies and procedures, we find that substantial evidence supports the Unemployment Insurance Appeal Board's ruling that claimant lost his employment due to disqualifying misconduct (see, Matter of Derian [Sweeney], 239 AD2d 722; Matter of Imondi [North Fork Bank—Sweeney], 233 AD2d 736; Matter of Titus [Sweeney], 220 AD2d 919). Furthermore, we find no evidence in the record supporting claimant's contention that his right to testify was restricted at the hearing. Claimant's remaining contentions have been examined and found to be similarly lacking in merit.

Cardona, P. J., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.