■ In the Matter of the Claim of BARBARA A. HERSH, Appellant. COMMISSIONER OF LABOR, Respondent. [700 NYS2d 599] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 9, 1998, which, upon reconsideration, adhered to its prior ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board that claimant was discharged

---

from her employment as a branch supervisor of a bank due to disqualifying misconduct. The record establishes that claimant authorized the issuance of bank drafts without adhering to the bank's mandated hold policy. Testimony at the hearing revealed that claimant thereafter was warned not to violate the bank's policy or she would be terminated. Subsequently, claimant again violated the bank's policy in this regard. Given these circumstances, we find no reason to disturb the Board's finding that claimant's failure to comply with the employer's established policies and procedures constituted disqualifying misconduct (see, Matter of Hartman [Roslyn Sav. Bank—Commissioner of Labor], 257 AD2d 878; Matter of Imondi [North Fork Bank—Sweeney], 233 AD2d 736). Claimant's remaining contentions have been examined and found to be without merit.

Crew III, J. P., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.