■ In the Matter of the Claim of PAMELA D. GUERRERIO, Appellant. COMMISSIONER OF LABOR, Respondent. [701 NYS2d 753] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 9, 1998, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was terminated from her employment as a vice-president and branch manager for a bank after she failed to follow the bank's code of conduct concerning the processing of transactions involving family members of a bank employee. The code of conduct, *inter alia*, required employees to refer transactions involving their family members to another employee of equal or senior rank, and required such transactions to be "conducted on terms not more favorable than those extended to others". Claimant was discharged after it was discovered that she had authority over accounts maintained by her sister and brother-in-law and, on numerous occasions, approved overdrafts and waived bank fees for them. Given claimant's knowing failure to comply with the employer's established policies and in view of the circumstances surrounding her termination, we find substantial evidence to support the Unemployment Insurance Appeal Board's ruling that, as a result of this misconduct, she is disqualified from receiving unemployment insurance benefits (*see, Matter of Hartman [Roslyn Sav. Bank—Commissioner of Labor],* 257 AD2d 878; *Matter of Imondi [North Fork Bank—Sweeney],* 233 AD2d 736; *Matter of Titus [Sweeney],* 220 AD2d 919). Claimant's remain-

ing contentions have been examined and found to be similarly unpersuasive.

Cardona, P. J., Crew III, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.