Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 19, 2002, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant lost her employment as a manager at a bank due to misconduct. The record establishes that claimant requested that her savings account be closed and the money transferred to her checking ac *841 count. The following month, claimant learned that the account had not been closed as she requested and charges had been assessed against the account. Although claimant was aware that employees were prohibited from performing transactions on their own accounts, claimant failed to obtain approval from another manager or a supervisor before asking a subordinate to close the account. In order to close the account, it was necessary to reverse the assessed charges. Given claimant’s managerial position and her failure to comply with a known policy of the employer regarding account transactions, we find no reason to disturb the Board’s decision (see Matter of Guerrerio [Commissioner of Labor], 269 AD2d 659 [2000]; Matter of Hartman [Roslyn Sav. Bank—Commissioner of Labor], 257 AD2d 878 [1999]). Claimant’s contention that she was unaware that approval from a supervisor was required presented a credibility issue for the Board to resolve (see Matter of Smith [Commissioner of Labor], 303 AD2d 815 [2003]).
Cardona, P.J., Crew III, Peters, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.