■ In the Matter of the Claim of HYACINTH BERRY, Appellant. COMMISSIONER OF LABOR, Respondent. [771 NYS2d 750]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 13, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant lost her

employment as a senior consumer banker due to misconduct. Although claimant had never received a prior warning for violating any of the employer's policies, claimant admitted to violating the employer's known policy not to accept a check without verifying the endorsements when presented with a check bearing two endorsements. The check was later returned upon a claim that the second endorsement was a forgery, thereby exposing the employer to a potential loss of over $53,000. We find no reason to disturb the Board's decision that claimant's conduct rose to the level of disqualifying misconduct inasmuch as such conduct was potentially detrimental to the employer's interest (*see Matter of Cuello [Commissioner of Labor]*, 267 AD2d 553 [1999]; *Matter of Hartman [Roslyn Sav. Bank—Commissioner of Labor]*, 257 AD2d 878, 879 [1999]; *Matter of Imondi [North Fork Bank—Sweeney]*, 233 AD2d 736, 737 [1996]).

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.