Soilbppi, J.
In this proceeding to recover death benefits under the Workmen’s Compensation Law, claimant widow appeals from an order of the Appellate Division, Third Department, which reversed (two Justices dissenting) an award made by the Workmen’s Compensation Board in favor of the widow and her four minor children, and dismissed the claim.
Decedent, aged 28, was employed as a warehouse helper by Santini Brothers — The Original, who operated a moving busi *247 ness in the Bronx, New York. Approximately one year before his death decedent began working for Santini Brothers. On September 12, 1955 he reported for work at 7:00 a.m. with Rogelio Suco, a fellow employee. He and another fellow employee named Francisco Ares were engaged in loading an Army van with furniture. They commenced shortly after 7 o’clock and in the next hour and a half they loaded three mattresses, one bedspring and a mirror. It took two men to lift the mattresses, the spring and the mirror. During that time, and at approximately 7:30 a.m., decedent also helped Suco move a sofa in another part of the warehouse. At about 8:30 o ’clock decedent, while engaged in taking apart a bed frame, and while in a standing position working on the frame with a screwdriver, fell to the floor and died. Cause of death according to an autopsy report was: “Coronary sclerosis; Endarteritis Obliterans; Coronary Artery.” When the claim came on for hearing, the carrier stipulated that on the morning of September 12, 1955 decedent was called upon to lift weights varying from 5 to 6 pounds up to 150 pounds, the lifting of the heaviest weight having been shared by another employee.
At this hearing, Dr. Ramon Morales, decedent’s attending physician, testified as a medical expert on behalf of claimant. In substance he stated he was reasonably certain that decedent’s death from a heart seizure could have been precipitated by the strenuous work he was performing immediately prior thereto, since decedent had a pre-existing heart condition. On the other hand, medical experts for the carrier testified that decedent’s death was merely the natural consequence of his heart condition, unassociated with any physical activity. The Referee then made an award in favor of claimant. His award was affirmed by the Workmen’s Compensation Board, who, in an opinion rendered in connection therewith, stated: “ [T]he work activities of the decedent from 7 A.M. to 8:30 A.M. were sufficiently strenuous to require more than normal exertion * * *. The decedent sustained an accidental injury in the nature of coronary sclerosis which caused his death.” On appeal, the Appellate Division reversed the board, holding that there was not substantial evidencé in the record “ establishing the existence of causal connection between the work of the deceased and his death ”. (15 AD 2d 984, 985.)
*248 Decedent admittedly had a pre-existing heart condition, but it is also conceded that just prior to his demise he and a fellow employee were moving furniture of which at least one piece weighed in excess of 150 pounds.
In Matter of Schechter v. State Ins. Fund (6 N Y 2d 506) it was stated (p. 510): “ There is no longer any doubt that a coronary occlusion or thrombosis is compensable as an industrial accident provided it is the resultant of excessive strain in the performance of one’s work and this is true even though there be a pre-existing pathology which also contributes to the injury * * *. Moreover, the claimant may be subjected to unusual or excessive strain in the course of his employment despite the fact that the work performed by him which precipitates the heart attack is of the same general type as that in which he is regularly involved ’ ’.
We would conclude, then, that the death here could well have been the result of an industrial accident. The question posed, however, is whether there is substantial evidence to establish a causal relation between the work performed by decedent and his' death. There are in this record two conflicting expert opinions based on the facts involved. The court was confronted with an analogous situation in Matter of Palermo v. Gallucci & Sons (5 N Y 2d 529) wherein we stated (pp. 532-533): “ The selection of either [of the conflicting expert opinions] is an exercise of fact-finding power which is entirely within the province of the Board and outside the limited jurisdiction of this court. It is not our function to render a decision upon the basis of which expert opinion we deem is more weighty or persuasive. The testimony of each expert was sufficiently direct and specific to create an issue of fact and to warrant a finding either for or against causal relation. That issue has been resolved by the appropriate body — the Board — in favor of the claimant widow, and the record leaves us no course but to affirm. ’ ’
Moreover, in Matter of Ernest v. Boggs Lake Estates (12 N Y 2d 414), it was held that an expert opinion which expressly conceded that factors other than the accident involved could have precipitated the injury there, but maintained that the accident could have caused the injury, constituted substantial evidence to establish causality.
*249 In tile ease at bar, although claimant’s medical expert in essence conceded that the cause of decedent’s death might have been something other than the strenuous work, as indicated in the Appellate Division opinion (15 A D 2d 984), he stated that he was reasonably certain that said work was the cause.
We are of the opinion, therefore, that there was substantial evidence before the Referee and the board upon which to predicate an award.
The order appealed from is reversed and the determination of the Workmen’s Compensation Board reinstated.
Chief Judge Desmond and Judges Dye, Burke and Foster concur with Judge Scileppi ; Judges Fulo and Van Voorhis dissent and vote to affirm and to dismiss the claim for the reasons stated in the opinion at the Appellate Division.
Order reversed and award of the Workmen’s Compensation Board reinstated, with costs in this court and in the Appellate Division.