■ In the Matter of the Claim of JOHN NICK, Respondent, v. WILLIAM J. MEYER Co., INC., et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board which found that "the nature of the claimant's occupation was such

that he was exposed to irritants such as dust and fumes and because of such exposures in his occupation developed emphysema and chronic bronchitis, occupational diseases within the meaning of Section 3, subd. 2, Par. 29 of the Workmen's Compensation Law". Appellants contend that such findings are not supported by substantial evidence. It is undisputed that claimant began work on January 18, 1954 as a polisher, buffer and grinder in the employer's shop where metal products were fabricated and that he ceased such work on October 17, 1960 since which time he has been permanently and totally disabled because of emphysema and chronic bronchitis. The issue is whether his disablement is causally related to his employment. In the course of his work he was exposed to and inhaled dust emitted from the grinding and polishing of metal products with different types of abrasives. An aluminum cleaning process at which he also worked for a time, involving caustic soda and chemicals, subjected him to strong odors. The first symptoms referable to his chest, experienced in 1959, were coughing, raising sputum, shortness of breath and tiredness. His attending physician, a specialist in internal medicine, testified to an unequivocal opinion that claimant's emphysema and chronic bronchitis were causally related to his work and was produced by the inhalation of dust and other irritants at work subsequent to 1956. It also appears that claimant had been exposed to similar dust and to paint fumes over approximately eleven and a half years in previous occupations with other employers. Conflicting medical opinions contained in the record prompt the appellants to argue that " all of the substantial evidence clearly shows that claimant had lung disease of many years standing　*　*　*　and before he went to work for this employer." We pointed out in *Matter of Lawler* v. *Ritz Carlton Hotel* (14 A D 2d 972) that "The question is not whether there is substantial evidence differing from the finding of the board; but rather whether there is substantial evidence supporting it." The issues of exposure and causality were factual ones (*Matter of Groff* v. *National Gypsum Co.*, 18 A D 2d 481, mot. for lv. to app. den. 13 N Y 2d 596) and we cannot say upon the record as a whole that as a matter of law the evidence which the board chose to accept lacks substantiality. (*Matter of Ernest* v. *Boggs Lake Estates*, 12 N Y 2d 414; *Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529.) Recourse to the statutory presumption (Workmen's Compensation Law, § 47) was unnecessary in these circumstances. We find no merit in appellants' contention that aggravation of a pre-existing condition of emphysema was either the medical theory of the claimant or the predicate of the board's award. Reliance, therefore, on *Matter of Detenbeck* v. *General Motors Corp.* (309 N.Y. 558) is misplaced. (See, e.g., *Matter of Ashley* v. *Mardon Operating Corp.*, 9 A D 2d 826.) As we read the testimony of claimant's medical expert, causation was direct and not by way of aggravation and we so construe the board's decision. (See, e.g., *Matter of Roettinger* v. *Great Atlantic & Pacific Tea Co.*, 17 A D 2d 76, affd. 13 N Y 2d 1102.) Nor can we agree with the appellants' further contention that any award should be made under paragraph 28 rather than paragraph 29 of subdivision 2 of section 3 of the Workmen's Compensation Law. The dust diseases mentioned in paragraph 28 include only those in the pneumoconiosis group such as silicosis, anthracosis and siderosis. (*Matter of Lawton* v. *Port of New York Auth.*, 276 App. Div. 81, mot. for lv. to app. den. 300 N. Y. 761.) The evidence here is that no diagnosis of silicosis or pneumoconiosis could be made. We have examined the other grounds of alleged error advanced by appellants, that claimant failed to give statutory notice, and that the board erred in amending its decision while an appeal to this court was pending and find in them no basis for disturbing the award in the presence of any showing of prejudice to the employer. Decision affirmed,

with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Staley, Jr., JJ., concur.