■    In the Matter of DANIEL CAROZZA, as Parent and Natural Guardian of PETER CAROZZA, Petitioner, v EDWARD J. PARISO, as Director of the Chemung County Probation Department, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered August 2, 1977 in Chemung County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, seeking a direction that respondents either petition for an adjudication of juvenile delinquency or destroy all records concerning petitioner's minor child. Judgment affirmed, without costs, on the opinion of Bryant, J., at Special Term. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

■    In the Matter of the Claim of JOSEPH E. MORSE, Appellant, v NEW ROCHELLE MUNICIPAL HOUSING AUTHORITY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed October 7, 1976, which held that the claimant had not sustained an occupational disease. The sole issue before the board was whether or not there was a causal connection between the contact dermatitis and/or chemical burn sustained by the claimant in the course of his employment and the present disability of mycosis fungoides, a form of cancer. The board found, as follows: "Dr. Joseph J. Eller, the designated specialist, reported that the disease which the claimant now has is not related to the dermatitis caused by the weed killer with which the claimant was in contact on March 28, 1972 and that this case of mycosis fungoides is not causally related to the claimant's occupational disease. He testified that he has not come across a case where mycosis fungoides was caused by a weed killer or any other outside irritation inflammation. After review of the probative medical evidence, the Board finds that the claimant did not contract an occupational disease within the meaning of the law and that claimant's mycosis fungoides is not causally related to his employment." The claimant contends upon this appeal that even though Dr. Eller unequivocally denied causal relationship upon the facts in this case, the doctor on cross-examination agreed with such key portions of testimony by other doctors as to "logically" be in favor of causal connection. However, conflicts in medical testimony create issues of fact for the board and its resolution of such issues is binding (*Matter of Carrasquillo v Santini Bros.—The Original,* 13 NY2d 245, 248, 249; *Matter of Ernest v Boggs Lake Estates,* 12 NY2d 414; *Matter of Palermo v Gallucci & Sons,* 5 NY2d 529, 532, 533). Upon the present record there is substantial evidence to support the decision. Decision affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.