■ In the Matter of the Claim of NICHOLAS KONSTANTINAKOS, Respondent, v PLAZA HOTEL et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed January 20, 1982, which determined, *inter alia,* that claimant's permanent partial disability was causally related to the accident of February 8, 1969. Claimant sustained a compensable head injury in a fall on February 8, 1969, during the course of employment at the Plaza Hotel. An award for partial disability was made on April 13, 1970. Thereafter, claimant was "classified as a permanently partial disability" with payments to continue pending a change of circum-

stances, by decision dated July 23, 1973. The carrier requested a reopening on December 12, 1974, seeking apportionment of its liability when it became aware of an intervening noncompensable accident sustained by claimant on April 8, 1970, while a passenger on a bus in the State of Massachusetts, and for which accident he had settled a claim against the bus company for $12,000. Evidence adduced at various hearings revealed that claimant also suffered a head injury in the bus accident and was hospitalized for approximately 18 days thereafter. His subsequent testimony, after reopening, was in conflict with testimony related to the bus accident and, in many significant areas, seriously contradictory. However, expert medical testimony presented on behalf of claimant supports the ultimate conclusion of the board, which, under established case law is not subject to review by this court (*Matter of Slade v Perkins,* 33 NY2d 988; *Matter of Hawthorne v Peartrees, Inc.,* 56 AD2d 961, affd 43 NY2d 683). Although there is support for the argument that claimant's testimony is incredible and not worthy of belief, the board is entitled to cull from the record that which it finds believable and, in so doing, as in this case, find substantial evidence to support the award (*Matter of Celli v New York Tel. Co.,* 61 AD2d 1063). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.