■ In the Matter of the Claim of LEWIS MORGANTE, Respondent, v SOUTH-EASTERN PUBLIC SERVICE COMPANY et al., Appellants. WORKERS' COMPENSA-TION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed March 29, 1983. On November 15, 1979, claimant was a member of a crew loading fallen logs and debris onto his employer's truck. While performing this task claimant felt "a pulling in the back, like a snap". He continued working for the rest of the day and worked the next day, November 16, as well. On November 18, claimant entered St. John's Hospital in Yonkers, where he was examined by a Dr. Carton. Claimant stopped working on November 23, 1979, and on December 11, Dr. De Palma, a neurosurgeon, performed a myelogram which revealed an anterior bulge at the L3, L4 lumbar area and at the L4, L5 lumbar area. Claimant subsequently underwent a decompressive laminectomy. On June 19, 1980, an administrative law judge made an award for total disability from the date of the accident to date and continuing. An appeal by the employer and carrier was taken and the Workers' Compensation Board restored the matter to the Trial Calendar for further development of the record. Upon restoral, the only issue litigated was whether claimant had suffered an accident arising out of and in the course of his employment. At the hearings, there was contradictory testimony concerning notice by claimant to his employer and contradictory testimony and documentary medical proof as to whether the injury was causally related to claimant's employment. On October 13, 1981, the administrative law judge rendered a decision disallowing the claim, finding that the record "is devoid of any medical evidence * * * linking any disability to the happening complained of in the claimant's C-3". The board reversed this decision on March 29, 1983 and reinstated the earlier decision filed on June 19, 1980 based upon a finding that claimant sustained an accident arising out of and in the course of his employment. This appeal by the employer and carrier ensued. Since the board credited claimant's account of the events of November 15, 1979 and resolved the testimonial conflict as to whether claimant reported the accident to his supervisor in favor of claimant, the issue of claimant's credibility is beyond review of this court (*Matter of Konstantinakos v Plaza Hotel,* 93 AD2d 927, 928). Next, we reject the contention that the board accepted only part of the evidence presented in reaching its ultimate factual conclusion. The board need only "consider" the evidence and issues of the employer and its carrier in reaching its determination. Here, it is clear that records of St. John's Hospital, showing an absence of an accident history, and a letter from Dr. Carton stating that he never filed a C-4 form with the board because claimant had no history of a job-related injury, were spread upon the record. Juxtaposed to this proof is the stated conclusion of Dr. De Palma and Dr. Falvo that claimant's condition was causally related to his employment. We have repeatedly stated that we will not interfere with the board's resolution of conflicting facts presented by the record (*Matter of Watson v Graphic Mgt. Systems,* 96 AD2d 619) even if, as the employer and its carrier claim herein, the evidence rejected by the board is also substantial (see *Matter of Nick v Meyer Co.,* 26 AD2d 878, mot for lv to app den 19 NY2d 579). The record in this case provides a sufficient evidentiary basis for the board's factual determination that claimant's accident arose out of and in the course of his employment. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Kane, Mikoll and Levine, JJ., concur.