◼ In the Matter of the Claim of ARTHUR A. HORTON, Appellant. THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 18, 1990, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

On July 26, 1988, after passing a road test, claimant was hired as a truck driver at $8 per hour and worked July 27, 28 and 29, 1988, totaling 24½ hours for which he was paid $196. On July 31, 1988, his next scheduled work day, he notified the employer by telephone that he was unable to work because of sunburn. There was no further contact until claimant picked up his paycheck on August 4, 1988, at which time he informed the employer that he would not return to work, saying "it was too far to drive" (claimant lived 55 miles from the place of employment). An Administrative Law Judge (hereinafter ALJ)

overruled the initial determination by the Commissioner of Labor disqualifying claimant and held that the travel distance to and from the workplace constituted a compelling reason to voluntarily leave employment. The Unemployment Insurance Appeal Board rescinded this decision and remanded for clarification of the travel distance and wage dispute issues. Following a second hearing, an ALJ again found that claimant had good cause to leave his job. The Board once again reversed and reinstated the initial determination by the Commissioner, basing its decision upon the facts of the case and the lack of credibility of claimant's testimony and finding that he voluntarily left employment without good cause. This appeal ensued.

Claimant erroneously argues that the Board exceeded its powers in assessing the credibility or lack thereof of claimant's testimony based only upon the record. The Labor Law specifically provides that the decision of the Board shall be final on all questions of fact and, unless appealed from, on all questions of law (Labor Law § 623 [1]). The regulations further provide that the Board may decide any case on the basis of the record and evidence previously submitted (12 NYCRR 463.2 [b]). Moreover, " '[w]hether a claimant has voluntarily left his employment without good cause is a question of fact to be resolved by the Board, and its determination, if supported by substantial evidence, will not be disturbed' " *(Matter of Baker [Hartnett],* 147 AD2d 790, 791, *appeal dismissed* 74 NY2d 714, quoting *Matter of Steed [Roberts],* 115 AD2d 166, 167). Although credibility determinations made by an ALJ or Hearing Officer are entitled to considerable weight *(see, Matter of Stevens v Axelrod,* 162 AD2d 1025, 1026), the Board is not bound by the findings by an ALJ *(see, Matter of Rothstein v Consolidated Elec. Constr. Co.,* 84 AD2d 594, 595) and is free to pass on issues of credibility *(see, Matter of Konstantinakos v Plaza Hotel,* 93 AD2d 927, 928). " 'Credibility determinations are questions of fact within the Board's province * * * which the Board may resolve differently from the ALJ as long as its resolution is supported by substantial evidence.' " *(Matter of Cabreja [Mount Sinai Med. Center—Hartnett],* 144 AD2d 735, 736, *lv denied* 74 NY2d 604, quoting *Moore v Ross,* 687 F2d 604, 608, *cert denied* 459 US 1115).

The issue in this case thus distills to whether the Board's determination is supported by substantial evidence. On this issue, judicial review is limited to ascertaining whether such substantial evidence may be found in the record *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176,

181) and a determination so supported is beyond judicial review, for a reviewing court may not "weigh the evidence or reject the choice made by [the agency] where the evidence is conflicting and room for choice exists" *(Matter of Stork Rest. v Boland,* 282 NY 256, 267; *accord, Matter of Collins v Codd,* 38 NY2d 269, 271; *Matter of Palomino v Bruno,* 157 AD2d 730).

Our examination of the record confirms that the Board's determination crediting the employer's testimony over that offered by claimant is indeed supported by substantial evidence. There is no basis to support the contention that the terms of employment with respect to pay were changed or that claimant was paid less than the amount to which he was entitled for the hours worked. On the other hand, claimant's testimony with respect to the hours he worked and the rate of pay he received was inconsistent and often differed. Moreover, his testimony changed as to when he allegedly learned that he was paid less than $8 per hour. Claimant also conceded that he knew of the travel distance between his home and work as well as the cost of such travel before he accepted the job offer. Finally, the employer testified that any errors or mistakes in rate of pay or hours worked, if found to exist, would readily be corrected and that work was and remains available to claimant. The Board could reasonably find that claimant lacked good cause to leave his job and did so voluntarily, and inasmuch as that determination is supported by substantial evidence, it may not now be disturbed *(see, Matter of Di Maria v Ross,* 52 NY2d 771; *Matter of Williams v Perales,* 156 AD2d 697, 698; *Matter of Cabreja [Mount Sinai Med. Center—Hartnett], supra).*

Mahoney, P. J., Casey, Mercure and Crew III, JJ., concur. Ordered that the decision is affirmed, without costs.