■ In the Matter of the Claim of MICHELE EPSTEIN, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respon-

dent. [650 NYS2d 1014] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 10, 1995, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Discharged from her managerial position at an indoor children's play arena, claimant's application for unemployment insurance benefits was denied by the Board on the ground that she was terminated for misconduct. The record reveals that claimant authorized the payment of wages to an individual who was not employed by the company. Claimant acknowledged that she granted an employee's request to have his paycheck issued in his son's name because the employee was receiving disability benefits, but claimed that she received approval to do so from her supervisor. In light of this approval, claimant maintains that her part in this obviously improper scheme did not constitute disqualifying misconduct and that she is entitled to receive unemployment insurance benefits. Under these circumstances, however, we cannot say that the Board's decision is unsupported by substantial evidence (see generally, Matter of Johnson [Mutual Life Ins. Co.—Roberts], 105 AD2d 1033; Matter of Sciascia [Levine], 53 AD2d 762).

Cardona, P. J., Crew III, Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.