■ In the Matter of the Claim of RODERICK ROONEY, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [654 NYS2d 51] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 9, 1996, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as a manager-in-training at a restaurant owned by Friendly Ice Cream Corporation. He was discharged from his employment after he failed to adhere to the employer's policy which dictated that at the end of each shift, the manager was to place the restaurant's receipts in a deposit bag which he would then take to the bank or, if it was after hours, to the bank's night deposit box. A "cash-up" slip was to be signed, indicating that the receipts had been deposited in the bank. On the date in question, claimant prepared a "cash-up" slip but did not take the deposit bag to the bank. Claimant testified that he placed the receipts in a deposit bag but then stowed the bag in a desk drawer in the restaurant's office. By the next business day, the deposit bag and all the money in it had vanished. Claimant initially told the employer that he had deposited the money in the bank but subsequently confessed that he had left the money in the office desk drawer. After his employment was terminated, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct. We affirm.

Failure to comply with the employer's established policies and procedures constitutes disqualifying misconduct (*see, Matter of Imondi [North Fork Bank—Sweeney]*, 233 AD2d 736; *Matter of Frascino [Hudacs]*, 211 AD2d 842). Given the circumstances that gave rise to the termination of claimant's employment, we conclude that substantial evidence supports the Board's determination that he is disqualified from receiving benefits.

Cardona, P. J., Mikoll, White, Peters and Spain, JJ., concur. Ordered that the decision is affirmed, without costs.