■ In the Matter of the Claim of JOHN A. VINCI, Appellant. COMMISSIONER OF LABOR, Respondent. [678 NYS2d 412] —Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 4, 1997, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment with the US Postal Service after it was discovered that he and his supervisor had discarded 4,106 pieces of processable mail. Of the discarded mail, 20% was first and second class mail which could have been forwarded, while the remaining mail, second and third class, if handled properly would have generated over $2,000 in revenue for the Postal Service. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving benefits because he lost his employment due to misconduct. We affirm.

Evidence presented at the administrative hearing disclosed that claimant knowingly violated established workplace procedures to the detriment of his employer, infractions which have been found to constitute disqualifying misconduct (see, Matter of Imondi [North Fork Bank—Sweeney], 233 AD2d 736). Claimant's contention that his guilt should be mitigated by the fact that he committed the acts of misconduct under the instruction of and in conjunction with his supervisor is not persuasive given claimant's admission that he knew at the time that discarding the mail violated his employer's standard procedures and that he nonetheless proceeded to do so because he thought that it would have the salutary effect of lightening the office's workload (see, Matter of Epstein [Sweeney], 233 AD2d 734, 735).

We are similarly unpersuaded by claimant's contention that the Board was constrained to find him qualified for benefits because benefits were granted to a co-worker who had also failed to process mail properly. The situations are not, however, analogous. The individual in question was employed as a mail clerk and, in following her supervisor's orders regarding the mail, thought that her supervisor had the discretionary power to issue modified instructions. Claimant, on the other hand,

was himself a supervisor and conceded that he knew at the time that discarding the mail was wrong (*see, Matter of Frascino [Hudacs]*, 211 AD2d 842). Claimant's remaining contentions have been examined and found to be without merit.

Mercure, J. P., Yesawich Jr., Spain and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.