■ In the Matter of the Claim of GLENN M. HUGGINS, Appellant. SAMARITAN MEDICAL CENTER, Respondent; COMMISSIONER

OF LABOR, Respondent. [684 NYS2d 73] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 28, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was employed as an environmental services worker for a medical center until he was discharged from his employment for taking food from the facility's cafeteria on more than one occasion in violation of the employer's policy against theft. The Unemployment Insurance Appeal Board overruled a determination of the Administrative Law Judge and found that claimant had lost his employment due to misconduct. We affirm. An employee's apparent dishonesty or failure to comply with the employer's established policies and procedures can constitute disqualifying misconduct (*see*, *Matter of Kinch [Sweeney]*, 244 AD2d 748, 749; *Matter of Rooney [Sweeney]*, 236 AD2d 775). Substantial evidence supports the Board's decision that claimant lost his employment under disqualifying circumstances. Contrary to claimant's argument, the Board was within its authority in crediting the testimony of the cafeteria cashier who reported the thefts as opposed to claimant's general denial of wrongdoing (*see*, *Matter of Horton [Hartnett]*, 176 AD2d 1103). Claimant's remaining contentions have been reviewed and found to be unpersuasive.

Cardona, P. J., Peters, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.