Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of CHARLES L. RHODEN, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Corrections, et al., Respondents. [713 NYS2d 503] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was found guilty of violating a prison disciplinary rule prohibiting demonstration. Contrary to petitioner's contention, the misbehavior report as well as the testimony of its author, to whom petitioner admitted making such statements encouraging a demonstration, provide substantial evidence of petitioner's guilt (*see, Matter of Johnson v Selsky*, 271 AD2d 770). Petitioner's remaining contentions have been examined and found to be without merit.

Mercure, J. P., Peters, Graffeo, Mugglin and Lahtinen, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

■ In the Matter of the Claim of ISA R. CORTADA, Appellant. NEW YORK CITY PERSONNEL DEPARTMENT, Respondent; COMMISSIONER OF LABOR, Respondent. [713 NYS2d 95] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 19, 1999, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

After a grievance hearing, claimant was discharged from her employment as a compliance agent for a municipal sanitation department for altering the dates on a physician's note submitted to explain her absence from work. The Unemployment Insurance Appeal Board ultimately ruled that claimant was disqualified from receiving benefits because she lost her employment due to misconduct.

We affirm. Substantial evidence supports the conclusion that, under the circumstances presented to the Board, claimant was guilty of disqualifying misconduct (*see, Matter of Dennis [Westgate Nursing Home—Sweeney]*, 233 AD2d 730, *lv denied* 89 NY2d 811). It is well settled that submission of falsified or altered documentation to an employer may constitute misconduct (*see, Matter of Quackenbush [Korman Sales Agency—Sweeney]*, 241 AD2d 653; *Matter of Palmer [Sweeney]*, 220 AD2d 978). Although claimant maintains that the Board's de-

cision should be reversed because a prior Administrative Law Judge's decision ruled in her favor, the decision referenced by claimant was issued following a hearing where the employer failed to appear and claimant's version of events was uncontradicted. The employer later successfully requested a reopening and all parties appeared at the later hearing. While conflicting evidence was presented, "credibility issues and the inferences to be drawn from the evidence are within the exclusive province of the Board" (*Matter of Padilla [Sephardic Home— Roberts]*, 113 AD2d 997). Thus, we find no reason to disturb its decision under the circumstances presented here.

Cardona, P. J., Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.