■ In the Matter of the Claim of GUY A. MARSHALL, Appellant. COMMISSIONER OF LABOR, Respondent. [726 NYS2d 879] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 12, 2000, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant was discharged from his employment as a letter carrier after he returned to the post office without prior authorization with 11 pieces of undelivered priority mail, inaccurately reported the amount of mail with which he returned and refusing to comply with the employer's directive to go back and complete the mail delivery. A subsequent arbitration hearing resulted in a finding that claimant was appropriately

---

2. Plaintiff never spoke to Caswell.

dismissed. Thereafter, the Unemployment Insurance Appeal Board ruled that claimant lost his employment due to disqualifying misconduct, prompting this appeal.

It is well settled that the Board is bound by the factual findings of an arbitrator where the parties have had a full and fair opportunity to be heard as to the issue of misconduct (*see, Matter of Harewood [Commissioner of Labor]*, 253 AD2d 934). The record belies claimant's contention that he was not afforded a full and fair opportunity to litigate this issue at the arbitration hearing. In any event, the Board was required to make its own findings regarding claimant's misconduct inasmuch as the arbitrator's decision was devoid of any factual findings (*see generally, Matter of Guimarales [New York City Bd. of Educ.— Roberts]*, 68 NY2d 989, 991; *Matter of Stanton [Commissioner of Labor]*, 275 AD2d 844). Given the testimony of the employer's representatives, which was credited by the Board, substantial evidence supports the Board's conclusion that claimant's actions of violating the employer's policies rose to the level of disqualifying misconduct (*see, e.g., Matter of Thompson [Commissioner of Labor]*, 275 AD2d 854). Any conflict in the testimony presented created a credibility issue for the Board to resolve (*see, Matter of Godinez [Commissioner of Labor]*, 276 AD2d 1012, *lv denied* 96 NY2d 701).

Mercure, J. P., Peters, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.