■ In the Matter of the Claim of LANA A. LARSEN, Appellant. COMMISSIONER OF LABOR, Respondent. [731 NYS2d 800] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 26, 2000, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a management trainee at the employer's car rental agency until she was terminated for violating the employer's cash-handling procedure. As claimant was aware of the employer's procedures regarding the handling of cash, the Unemployment Insurance Appeal Board ruled that she lost her employment under disqualifying circumstances. Claimant appeals, contending that the Board's decision was not supported by substantial evidence.

We disagree. The rental office's manager and assistant manager testified that, contrary to claimant's assertions, she could not have placed the money in the cash box without their knowing about it as the box was kept locked and only they had access to the key. They further testified that when the money was found to be missing, claimant stated that she remembered receiving the cash from the customer but that she did not remember what had become of it thereafter. She then expressed concern that it might have been misplaced.

Failure to comply with an employer's established policies or procedures regarding the handling of cash has been held to constitute disqualifying misconduct (see, Matter of Naraine [Sweeney], 245 AD2d 932, 933; Matter of Rooney [Sweeney], 236 AD2d 775). To the extent that claimant's testimony was at variance with that of the opposing witnesses, this presented an issue of credibility which the Board was free to resolve against claimant (see, Matter of Perkov [Sweeney], 231 AD2d 780). The

remaining contentions raised on this appeal have been reviewed and found to be unpersuasive.

Cardona, P. J., Mercure, Crew III, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.