◼ In the Matter of the Claim of LORRAINE SEVERINO, Appellant. COMMISSIONER OF LABOR, Respondent. [744 NYS2d 78] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 4, 2001, which, upon reconsideration, adhered to its prior decision, inter alia, charging claimant with a recoverable overpayment of unemployment insurance benefits.

It is uncontested that claimant lost her employment with Securities Research Associates due to misconduct and that her subsequent application for unemployment insurance benefits was properly denied on this ground. The issue presented on this appeal is whether the Unemployment Insurance Appeal Board correctly ruled that claimant was ineligible for the benefits she sought in a second application, involving another employer, filed approximately one month after the first, on the ground that she had not yet accrued a sufficient number of employment days or a sufficient amount of remuneration to terminate her disqualification (see, Labor Law former § 593 [3]). Also at issue is whether claimant was properly found to have made willful false statements in her second application for benefits, resulting in the assessment of a recoverable overpayment.

Contrary to claimant's argument, substantial evidence supports the Board's decision. Claimant stated on her second application for benefits that she had been employed, following her original disqualification, by Maloney Associates, an employment agency. The company's president, however, submitted an affidavit in which he denied that claimant had ever been a Maloney employee. A former vice-president of Maloney, who had originally asserted that claimant was a Maloney employee, subsequently changed his statement by averring that claimant had been hired by him in his individual capacity to perform office duties that were usually done, on a volunteer basis, by his wife. He stated that he paid claimant $200 in cash for four days of work. Claimant was, however, unable to produce any evidentiary support for this assertion, e.g., there was no documentation of the alleged paid employment in the form of a receipt, a ledger entry, a cancelled check or a W-2 form, nor was the payment in question taken as a deduction by the former vice-president on his tax return. It is noteworthy that claimant alleges that she earned the exact amount statutorily required to break a prior disqualification (see, Labor Law for-

mer § 593 [3]; *see also, Matter of Di Maria [Ross]*, 52 NY2d 771, 772).

The conflict between the statements made by Maloney's president and those of claimant and the former Maloney vice-president presented issues of credibility for resolution by the Board (*see, Matter of Martinez [Commissioner of Labor]*, 288 AD2d 684, 685; *Matter of Marshall [Commissioner of Labor]*, 284 AD2d 775, 776, *lv denied* 97 NY2d 602). Substantial evidence supports the Board's finding that claimant made a willful false statement to obtain benefits, rendering her liable for the repayment thereof, when she represented on her second application for benefits that she had earned sufficient remuneration to terminate her disqualification (*see,* Labor Law § 594; *see also, Matter of Barr [Commissioner of Labor]*, 270 AD2d 522, 523). The remaining contentions raised by claimant have been examined and found to be without merit.

Cardona, P.J., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.