■ In the Matter of the Claim of CAROL S. GONYOU, Appellant. COMMISSIONER OF LABOR, Respondent. [747 NYS2d 129]

Claimant was employed as the manager of a convenience store, and one of her duties in this regard was to replenish the funds in the store's automatic teller machine (hereinafter ATM) from the employer's funds and to transmit to the employer a

daily report of the ATM's transactions. Claimant was discharged from her position for falsifying her daily ATM reports and for failing to submit reports to the employer on at least seven occasions, and she subsequently was found by the Unemployment Insurance Appeal Board to be disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct.

Substantial evidence supports the Board's decision finding claimant guilty of disqualifying misconduct; hence, it will not be disturbed. It has been held that a claimant's submission of falsified employment-related records may constitute disqualifying misconduct (*see Matter of Dennis [Westgate Nursing Home—Sweeney]*, 233 AD2d 730), as may the violation of established workplace policies regarding the handling of finances, such as claimant's failure to submit the daily ATM transaction records to the employer as required (*see Matter of Larsen [Commissioner of Labor]*, 288 AD2d 544). Claimant's testimony, in which she disclaimed any responsibility for the discrepancies in the ATM's figures and asserted that she never failed to comply with the requirement of submitting the ATM transaction reports to the employer, raised issues of credibility for resolution by the Board (*see Matter of Martinez [Commissioner of Labor]*, 288 AD2d 684, 685). The remaining contentions raised on appeal have been reviewed and found to be without merit.

Mercure, J.P., Crew III, Mugglin, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.