■ In the Matter of the Claim of KAREN S. SALZA, Appellant. COMMISSIONER OF LABOR, Respondent. [747 NYS2d 58]

Claimant was discharged from her employment as an office manager when the employer learned that her spouse was also its employee, a situation which constituted a violation of the employer's "anti-nepotism" policy.* The Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving unemployment insurance benefits because she had lost her employment due to misconduct. Claimant appeals.

In general, "[a]n employee's apparent dishonesty or failure to comply with the employer's established policies and procedures can constitute disqualifying misconduct" (*Matter of Huggins [Samaritan Med. Ctr.—Commissioner of Labor]*, 257 AD2d 877, 878). In this matter, the record discloses that claimant was or should have been aware of the employer's anti-nepotism policy, having admittedly received the employee's handbook which articulated the policy. Nonetheless, she submitted her spouse's resume to the employer in furtherance of his application for employment. After her spouse was hired, claimant testified that they mutually agreed not to inform the employer of their marital status, thereby committing themselves to an act of deceit which was potentially counter to the employer's best interest (*see Matter of Kinch [Sweeney]*, 244 AD2d 748, 749).

---

* Claimant and her spouse married in 1980; however, they were separated at the time of the incidents which gave rise to this matter. Because claimant used her single name at work and she and her spouse were assigned to offices located in different cities, their status as a married couple did not come to light until nine months after claimant's husband was hired.

We conclude that substantial evidence supports the decision ruling that claimant lost her employment under disqualifying circumstances. The discrepancies between the testimony given by claimant and her spouse and that given by the witnesses who testified on behalf of the employer constituted issues of credibility for resolution by the Board (*see Matter of Williams [Commissioner of Labor]*, 262 AD2d 903). We have considered claimant's remaining arguments and find them unavailing.

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.