■ In the Matter of the Claim of Cynthia D. Little, Appellant. Commissioner of Labor, Respondent. [770 NYS2d 912]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 31, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

On May 11, 2002, claimant, a field representative for a child care council, submitted a doctor's note following a three-day absence from work which indicated that she could return to work on May 16, 2002 and that there had been a $43 co-payment, which the employer ultimately reimburses. Upon verifying the information with claimant's doctor, the employer learned that the co-payment and return date had been altered. The employer testified that claimant was discharged after she admitted to the alteration without explanation. The Unemployment Insurance Appeal Board, reversing the decision of the Administrative Law Judge, ruled that claimant was disqualified from receiving benefits because she lost her employment due to misconduct. It has been held that "submission of falsified or altered documentation to an employer may constitute misconduct" (*Matter of Stanton [Commissioner of Labor]*, 275 AD2d 844, 844 [2000]; *see Matter of Cortada [New York City Personnel Dept.—Commissioner of Labor]*, 275 AD2d 825 [2000]). Inasmuch as claimant was clearly aware of the employer's policy against altering documentation, substantial evidence supports the Board's conclusion (*see Matter of Gonyou [Commissioner of Labor]*, 297 AD2d 848 [2002]). Claimant's proffered excuse, that she mistakenly submitted the wrong documents, presented a credibility issue for the Board to resolve (*see Matter of Fay [Commissioner of Labor]*, 261 AD2d 671 [1999]).

Peters, J.P., Spain, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.