■ In the Matter of the Claim of CARMEN J. DAVILA, Appellant. COMMISSIONER OF LABOR, Respondent. [786 NYS2d 666]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 30, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

On May 22, 2000, claimant was hired as the manager of a retail clothing store. On October 16, 2003, after she failed to de-

posit receipts from the store in the bank over a four-day period, she was terminated from her position. Claimant had been previously counseled about her performance, including the necessity of complying with the employer's policy regarding making bank deposits on a daily basis, and was warned that her discharge could result if her performance did not improve. Following her discharge, she applied for unemployment insurance benefits. Her application was eventually denied by the Unemployment Insurance Appeal Board on the ground that she was disqualified from receiving benefits because her employment was terminated due to misconduct. She now appeals.

We affirm. An employee's failure to comply with an employer's reasonable and established policies and procedures concerning the handling of cash and related matters may constitute disqualifying misconduct (*see Matter of Larsen [Commissioner of Labor]*, 288 AD2d 544, 544 [2001]; *Matter of Rooney [Sweeney]*, 236 AD2d 775 [1997]), especially if such conduct continues despite prior warnings (*see Matter of Rivera [Commissioner of Labor]*, 262 AD2d 696 [1999], *lv dismissed* 94 NY2d 939 [2000]). Here, claimant admitted that although she repeatedly instructed an assistant manager to make the bank deposits over the course of several days, she permitted the deposits to accumulate until they were discovered by the employer's loss prevention manager during an audit. Claimant's assertion that she did not know that the store policy required bank deposits to be made on a daily basis presented an issue of credibility for the Board to resolve (*see Matter of Messer [Key Bank Natl. Assn.—Commissioner of Labor]*, 1 AD3d 840, 841 [2003]; *Matter of Naraine [Sweeney]*, 245 AD2d 932, 933 [1997]).

Mercure, J.P., Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.