■ In the Matter of the Claim of TONG YING CHUNG, Appellant. COMMISSIONER OF LABOR, Respondent. [790 NYS2d 746]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 24, 2003, which, upon reconsideration, adhered to its prior decision charging claimant with a recoverable overpayment of unemployment insurance benefits.

By decision dated June 18, 2002, an Administrative Law Judge (hereinafter ALJ) determined that claimant had voluntarily left his employment as a security guard without good cause and was, therefore, disqualified from receiving unemployment insurance benefits. Claimant did not appeal this decision. Subsequently, a different ALJ determined, based upon the June 18, 2002 decision, that claimant was responsible for a recoverable overpayment of benefits pursuant to Labor Law § 597 (4) because he had made a false statement. The Unemployment Insurance Appeal Board affirmed and, upon reconsideration, adhered to its decision. Claimant now appeals.

While claimant argues the merits of the ALJ's June 18, 2002 decision disqualifying him from receiving benefits, that decision is not properly before us (*see Matter of Grant [Commissioner of Labor]*, 294 AD2d 736, 736 [2002]). Rather, the sole issue is the propriety of the Board's ruling charging claimant with a recoverable overpayment of benefits based upon his having made a false statement pursuant to Labor Law § 597 (4). Claimant indicated when he applied for unemployment insurance benefits that his employment ended due to a lack of work and that he was laid off. The ALJ who rendered the June 18, 2002 decision, however, concluded that claimant left his job after failing to provide his employer with a physician's note substantiating his request for medical leave and, therefore, voluntarily left his employment without good cause. In view of this, substantial evidence supports the Board's decision in this case (*see Matter of Severino [Commissioner of Labor]*, 295 AD2d 796, 797 [2002]; *Matter of Grant [Commissioner of Labor]*, supra at 737).

Crew III, J.P., Peters, Carpinello, Mugglin and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.