In the Matter of the Claim of CAROL O. KAPLAN, Appellant. MULTIMEDIA ENTERTAINMENT, Respondent; COMMISSIONER OF LABOR, Respondent. [814 NYS2d 330]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 6, 2004, which ruled that claimant

was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a news reporter for a television station for 14 years. Her driver's license was suspended after she failed to respond to two traffic tickets. Claimant continued to drive with a suspended license to live locations to report on stories. When her employer became aware of this, it terminated her employment. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits because she was terminated for misconduct. Claimant appeals.

We affirm. An employee's actions which violate a reasonable rule of the employer and are detrimental to its interests have been found to constitute disqualifying misconduct (*see Matter of Bastian [Commissioner of Labor]*, 19 AD3d 915, 916 [2005]; *Matter of Ghoulian [Commissioner of Labor]*, 6 AD3d 908, 908 [2004]). Here, it is undisputed that claimant drove to various work locations while her driver's license was suspended. For liability reasons, the employer maintained a policy of requiring employees who needed their driver's licenses for work to notify the employer of any license revocation or suspension and prohibiting them from driving in such situation. Although claimant testified that she was unaware that her license had been suspended and mistakenly assumed that the motor vehicle notices sent to her in the mail pertained to another matter, this presented a credibility issue for the Board to resolve (*see Matter of Davila [Commissioner of Labor]*, 13 AD3d 1043, 1044 [2004]).

Cardona, P.J., Mercure, Crew III, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.