■ In the Matter of the Claim of LORIE A. RUGGIERO, Appellant. COMMISSIONER OF LABOR, Respondent. [846 NYS2d 675]—

Appeal from a decision of the Unemployment Insurance Ap-

peal Board, filed February 15, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant, a finance administrative assistant at a casino, was discharged from her employment for failing to secure blank checks in a locked location. The Unemployment Insurance Appeal Board denied her application for unemployment insurance benefits on the basis that she lost her employment due to misconduct. Claimant now appeals.

We affirm. A claimant's failure to comply with an employer's policies or acting in a manner that is potentially detrimental to the employer's best interest may constitute disqualifying misconduct, particularly where prior warnings have been issued (*see Matter of Spencer [Commissioner of Labor]*, 22 AD3d 1010, 1010 [2005]; *Matter of Davila [Commissioner of Labor]*, 13 AD3d 1043, 1044 [2004]). Here, the record reveals that claimant had previously been provided with a memorandum which detailed several deficiencies in her work and advised that her job required, among other things, accuracy, accountability and discretion in handling financial data. The memorandum also stated that future performance deficiencies could lead to claimant's termination. Despite this warning, claimant, who acknowledged that her job responsibilities included securing checks in a locked location, left blank checks in an unlocked drawer when she left work for the evening. In view of the foregoing, we discern no reason to disturb the Board's decision that claimant's employment was terminated due to misconduct.

The remaining contentions set forth by claimant have been considered and found to be unpersuasive.

Cardona, P.J., Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.