■ In the Matter of the Claim of CARLOS CORCHADO, Appellant. COMMISSIONER OF LABOR, Respondent. [908 NYS2d 473]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 6, 2009, which, upon reconsideration, ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant worked as an account executive for an industrial employment agency and was responsible for placing factory workers in temporary assignments. His duties included contacting temporary workers from a list to determine their availability for work during a particular shift at the factory to ensure that there were a sufficient number of workers to fill customer orders. One day in July 2008, an insufficient number of workers reported to the factory for the afternoon shift. Upon investigation, the employer discovered that claimant had never called the

workers on the list. Claimant had received prior warnings for such conduct and his employment was terminated as a result. The Unemployment Insurance Appeal Board ruled, among other things, that he was disqualified from receiving unemployment insurance benefits because he lost his employment due to misconduct, and the Board adhered to this decision upon reconsideration. Claimant appeals.

An employee's actions that are detrimental to the employer's interest have been held to constitute misconduct disqualifying the employee from receiving unemployment insurance benefits, particularly where prior warnings have been issued (*see Matter of Ruggiero [Commissioner of Labor]*, 45 AD3d 1161, 1162 [2007]; *Matter of Spencer [Commissioner of Labor]*, 22 AD3d 1010, 1010 [2005], *lv denied* 7 NY3d 701 [2006]). Here, claimant's disregard of his responsibility to obtain workers to cover shifts at the factory and false representations related thereto had a direct and adverse effect on the employer's operational and financial interests. Notably, claimant had been warned about such conduct on prior occasions. Although he denied any wrongdoing, this presented a credibility issue for the Board to resolve (*see Matter of Weiner [Commissioner of Labor]*, 47 AD3d 1040 [2008]). Therefore, we decline to disturb the Board's decision.

Spain, J.P., Lahtinen, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.