■ In the Matter of the Claim of MARLON J. MONDRAGON, Appellant. COMMISSIONER OF LABOR, Respondent. [926 NYS2d 213]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 10, 2010, which, among other things, charged claimant with a recoverable overpayment of unemployment insurance benefits upon finding that he made a willful misrepresentation to obtain benefits.

Claimant lost his employment at an electronics store at the end of 2008 at which time he applied for and received unemployment insurance benefits. Shortly thereafter, he obtained a part-time position at another electronics store and continued certifying for partial benefits. Claimant resigned from this position to pursue a full-time position at a department store and, when he did not get that position, he reopened his prior unemployment insurance claim. Nevertheless when certifying for benefits, claimant represented that he left his prior position due to a lack of work. Following extended proceedings, claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause. In addition, the Unemployment Insurance Appeal Board charged claimant with a recoverable overpayment of $705 in regular unemployment insurance benefits and $50 in federal additional compensation benefits that he received under the American Recovery and Reinvestment Act of 2009 (see 26 USC § 3304), and reduced his right to receive future benefits by eight effective days upon finding that he made a willful misrepresentation to obtain benefits. Claimant appeals.

Claimant concedes that, when certifying for benefits, he falsely represented that his employment with the second employer ended due to a lack of work and that he, in fact, left this job with the expectation of obtaining a full-time position elsewhere. He explained at the hearing that this was an innocent mistake as he was rushing while completing the certification form via computer. Even accepting that claimant's misrepresentation was not intentional, that explanation is not a defense to making a statement on the certification that was false in fact (see Labor Law § 597 [4]; Matter of Lawrence [Commissioner of Labor], 39 AD3d 980, 981 [2007]; Matter of Piccirilli [Roberts], 92 AD2d 686, 686-687 [1983]). Therefore, we find no reason to disturb the Board's decision.

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.