Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 17, 2011, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.
Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant, a full-time registry and distribution clerk in the employer’s postal office, was disqualified from receiving unemployment insurance benefits due to misconduct after four cash on delivery (hereinafter COD) items were not properly processed. A claimant’s disregard of an employer’s established procedures and policies, particularly where it is potentially detrimental to the employer’s best interest and continues despite prior warnings, may constitute disqualifying misconduct (see Matter of Davila [Commissioner of Labor], 13 AD3d 1043 [2004]; Matter of Parody [Commissioner of Labor], 7 AD3d 868, 869 [2004]; Matter of Vinci [Commissioner of Labor], 253 AD2d 994 [1998]). Here, the record establishes that it was claimant’s responsibility as the primary registry clerk to, among other things, check the cabinet daily for COD items and process them in a timely fashion. Furthermore, claimant was the only one who possessed the key to the COD cabinet on the days he worked. Testimony also revealed that claimant had been counseled at a meeting in 2008, with a union representative present, that his job duties included the proper handling of COD items. Claimant’s testimony to the contrary presented a credibility issue for the Board to resolve (see Matter of Corchado [Commissioner of Labor], 77 AD3d 1009, 1010 [2010]; Matter of Marshall [Commissioner of Labor], 284 AD2d 775, 776 [2001], lv denied 97 NY2d 602 [2001]).
*1242 Claimant’s remaining contentions have been reviewed and found to be without merit.
Mercure, J.E, Spain, McCarthy and Egan Jr., JJ., concur.
Ordered that the decision is affirmed, without costs.