██ In the Matter of the Claim of ROSE L. CRIST, Appellant. COMMISSIONER OF LABOR, Respondent. [979 NYS2d 429]—

Claimant worked as a bookkeeper and maintenance dispatcher for a property management company from January 7, 2011 until March 22, 2011. She left her job for a variety of reasons, including that she felt the work environment was unsafe, she believed that she was expected to participate in illegal employment and questionable accounting practices, and her work area was not properly heated. She had filed an original claim for unemployment insurance benefits in May 2010 and, after she ceased working for the property management company, she again certified for benefits on March 30, 2011. She informed the Department of Labor at that time that the break in her claim was due to self-employment. On June 9, 2011, she filed a new claim for benefits indicating that the reason for her separation from employment with the property management company was due to a lack of work. Claimant received regular unemployment insurance benefits of $786 and $2,835, and emergency unemployment compensation benefits (*see* Pub L 110-252, tit IV, § 4001 *et seq.*, 122 US Stat 2323) of $2,751. The Department, however, subsequently disqualified claimant from receiving benefits on the ground that she voluntarily left her employment without good cause and charged her with a recoverable overpayment of benefits pursuant to Labor Law § 597 (4), as well as a forfeiture penalty. This determination was upheld by an Administrative Law Judge following a hearing. The Administrative Law Judge's decision was, in turn, affirmed by the Unemployment Insurance Appeal Board. Claimant now appeals.

Claimant's sole challenge is to the Board's finding that she made a willful misrepresentation to obtain benefits and its imposition of a recoverable overpayment and forfeiture penalty as a result. Initially, we note that determining whether there has been a willful misrepresentation is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence (*see Matter of Smith [Commissioner of Labor]*, 107 AD3d 1287, 1288 [2013]; *Matter of Masterpaul [Commissioner of Labor]*, 76 AD3d 729, 729 [2010]). "Notably, proof of criminal intent to defraud is not required" (*Matter of Sferlazza [Nassau Community Coll.—Commissioner of Labor]*, 69 AD3d 1184, 1185 [2010] [citation omitted]; *see Matter of Smith [Commissioner of Labor]*, 107 AD3d at 1288). Rather, a willful misrepresentation may be found even where the false statement was not made intentionally or was the result of confusion (*see Matter of Smith [Commissioner of Labor]*, 107 AD3d at 1288; *Matter of Bernard [Commissioner of Labor]*, 53 AD3d 1006, 1007 [2008]).

Here, claimant testified that when she certified for benefits in

March 2011, she represented that the break in her claim was due to self-employment, specifically a business she operated selling mustard, and she did not mention having worked for the property management company. She further testified that when she applied for benefits in June 2011, she represented that she left her employment with the property management company due to a lack of work. Claimant admitted that these statements were false and attributed the former statement to her confusion over the question asked. With respect to the latter statement, claimant maintained that the lack of work response best described her situation given that she felt she was forced to quit her job. Claimant's excuses are not compelling and, under the circumstances presented, we find no reason to disturb the Board's finding that she made a willful misrepresentation to obtain benefits and its consequential imposition of a recoverable overpayment and forfeiture penalty (*see Matter of Stelmach [Commissioner of Labor]*, 106 AD3d 1353, 1354 [2013]; *Matter of Mondragon [Commissioner of Labor]*, 85 AD3d 1477, 1478 [2011]).

Peters, P.J., Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.