# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  July 24, 2014                    517541
_____

In the Matter of the Claim of
    TANTINIA GUESS,
                    Appellant.
                                    MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  June 9, 2014

Before:  Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ.

_____

        Nicole Salk, South Brooklyn Legal Services, New York City,
for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Linda Joseph of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed December 6, 2013, which, upon reconsideration,
adhered to its prior decision ruling, among other things, that
claimant was disqualified from receiving unemployment insurance
benefits because her employment was terminated due to misconduct.

        Claimant worked as a teller for a company that provides
check cashing and financial services.  On August 29, 2011, she
gave a customer a money order, but the money for the transaction
appeared to have been misplaced or missing, leaving her with a
cash shortage of $700.  When she notified the employer's chief
operating officer of the discrepancy, she was immediately
suspended while an effort was made to find the missing cash.
Claimant had received prior warnings regarding cash shortages and
was informed that, if the missing cash could not be located, she
would be terminated.  A few days later when the chief operating

officer advised her that the cash had not been found, claimant accused him and his staff of setting her up for discharge. Claimant's employment was terminated as a result.  She applied for and received unemployment insurance benefits in the amount of $1,666.25.  It was later determined, however, that she was disqualified from receiving benefits because her employment was terminated due to misconduct and she was charged with a recoverable overpayment and forfeiture penalty based upon her willful misrepresentations.  The Unemployment Insurance Appeal Board concurred and adhered to its decision upon reconsideration. Claimant now appeals.

A claimant's failure to abide by an employer's reasonable policies, despite repeated warnings, that has a detrimental effect on the employer has been held to constitute disqualifying misconduct (see Matter of Burt [Rapid Response Monitoring Servs., Inc.–Commissioner of Labor], 107 AD3d 1284, 1285 [2013]; Matter of Steadman [Commissioner of Labor], 55 AD3d 1124, 1124 [2008]). Here, the employer had a policy of requiring tellers to collect payments before issuing money orders.  Claimant basically admitted that she did not collect money from the customer before issuing the money order at issue, but maintained that it was an inadvertent error.  Given claimant's clear violation of the employer's policy and history of past shortages for which she had been warned, substantial evidence supports the Board's finding that she engaged in disqualifying misconduct (see Matter of Ruggiero [Commissioner of Labor], 45 AD3d 1161, 1162 [2007]; Matter of Hartman [Roslyn Sav. Bank–Commisioner of Labor], 257 AD2d 878, 878-879 [1999]).  Furthermore, insofar as claimant inaccurately represented when applying for benefits that she was unemployed due to a lack of work, we find no reason to disturb the Board's imposition of a recoverable overpayment or forfeiture penalty based upon her willful misrepresentations (see Matter of Dit [Commissioner of Labor], 98 AD3d 1183 [2012]; Matter of Mondragon [Commissioner of Labor], 85 AD3d 1477, 1478 [2011]).

Lahtinen, J.P., McCarthy, Rose, Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court