# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:  December 17, 2015          520682
_____

In the Matter of the Claim of
    EDWARD L. LUCAS,
                    Respondent.

TOWN OF NORTH HEMPSTEAD,                MEMORANDUM AND ORDER
                    Appellant.

COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  November 16, 2015

Before:  McCarthy, J.P., Egan Jr., Rose, Lynch and Clark, JJ.

_____

        Elizabeth D. Botwin, Town Attorney, Manhasset (Amanda Abata
of counsel), for appellant.

        Francis J. Smith, Albany, for Edward L. Lucas, respondent.

_____

Rose, J.

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed May 27, 2014, which ruled that claimant was entitled
to receive unemployment insurance benefits.

        Claimant was terminated from his job as a cashier for the
employer's parking district because he failed to maintain
accurate financial records.  The Department of Labor initially
determined that claimant was eligible for unemployment insurance
benefits and the employer objected.  Following a hearing, an
Administrative Law Judge overruled the Department's decision,
finding that claimant was terminated due to misconduct and, thus,
was disqualified from receiving benefits.  Ultimately, the

Unemployment Insurance Appeal Board reversed and sustained the Department's initial determination. The employer now appeals.

"Conduct that is detrimental to an employer's interest and contrary to an established policy has been found to constitute disqualifying misconduct" (Matter of Portis [Commissioner of Labor], 118 AD3d 1195, 1195 [2014] [citation omitted]; see Matter of Sealey [Commissioner of Labor], 81 AD3d 1022, 1023 [2011]). Here, claimant's duties included, among other things, utilizing the employer's established record-keeping procedures to accurately enter daily parking voucher sales and bank deposits of such sales and parking meter revenue. Following a substantial drop in parking revenue, an audit was conducted by the employer's comptroller that revealed numerous occasions when claimant under-reported parking meter deposit amounts, while simultaneously over-reporting the amounts he had collected for the sale of the parking vouchers on those same dates. According to the comptroller, the over-reporting included the recording of sales of parking vouchers, in the exact same amount as had been under-reported from the parking meter deposit slips, to individuals who did not reside in the town and were, therefore, ineligible to purchase such vouchers. Further, although claimant was required to list the serial numbers of the vouchers that he sold each day, the record reflects that, on the numerous days when he improperly reported the parking meter deposit amounts, his handwritten entries of the serial numbers of the vouchers he sold were illegible, rendering an accurate accounting of the total money collected impossible. Given claimant's clear and repeated failure to comply with the employer's record-keeping policies and procedures regarding the accurate recording of voucher transactions and bank deposits, substantial evidence does not support the Board's decision that he was entitled to receive benefits (see Matter of Cappello [ELRAC LLC—Commissioner of Labor, 113 AD3d 952, 953 [2014]; Matter of Larsen [Commissioner of Labor], 288 AD2d 544, 544 [2001]; Matter of Rooney [Sweeney], 236 AD2d 775, 775 [1997]). Accordingly, the decision must be reversed. In light of the foregoing, we need not address the employer's remaining claim.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.

ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court