■ In the Matter of the Claim of DIANE J. DANISI, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 25, 1975, which affirmed the decision of a referee sustaining an initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits effective December 17, 1974 because she voluntarily left her employment without good cause. The record supports the finding that claimant left her employment in Florida for personal and noncompelling reasons. That determination, supported by substantial evidence in this record, should not be disturbed *(Matter of Rubinstein [Catherwood],* 33 AD2d 950). Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.

■ In the Matter of the Claim of ANN METZ, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 16, 1975, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner. The board held that claimant was disqualified from receiving benefits effective June 23, 1974 because she voluntarily left her employment without good cause. The board found the credible evidence established that the claimant terminated her employment for personal and noncompelling reasons. There is substantial evidence in this record to support that finding and the determination should not be disturbed *(Matter of Rubinstein [Catherwood],* 33 AD2d 950). Decision affirmed, without costs. Greenblott, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.

## (September 18, 1975)

1 In the Matter of the Claim of IRVING M. SCHNEIDERMAN, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 16, 1975, which rescinded its decision of October 3, 1973 and disqualified claimant from receiving benefits because he lost his employment through misconduct. There is substantial evidence in the record to sustain the board's finding of misconduct based on the proof that claimant left his work early without permission after having been previously warned that his attendance record would have to improve or disciplinary action would be taken. In light of *Matter of James (Levine)* (34 NY2d 491), we are not persuaded by claimant's contention that there is no basis for the board's rescinding its prior decision of no misconduct. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Main, JJ., concur.