■ In the Matter of the Claim of EDDIE JOHNSON, Respondent. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant; LILLIAN ROBERTS, as Commissioner of Labor, Respondent. — Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 25, 1984, which ruled that claimant was entitled to receive benefits.

Claimant was employed as a clerk by the Mutual Life Insurance Company of New York from January 5, 1981 until his

discharge on December 3, 1982. After work on Friday, October 29, 1981, while drinking with a co-worker, the latter proposed that they steal blank checks from their employer. Claimant, who did not take this suggestion seriously, neither reported this and apparently several similar conversations to the employer nor participated in the subsequent theft engineered by the co-worker. Though never accused, charged or arrested, claimant was terminated because he neglected to bring the co-worker's plan to the employer's attention. In sustaining the local office's determination disqualifying claimant from receiving unemployment insurance benefits, the administrative law judge concluded that claimant was obliged to apprise the employer of the co-worker's larcenous plan and that his omitting to do so constituted misconduct. The Board reversed, however, ruling that claimant breached no duty to the employer and awarded benefits. This appeal by the employer followed.

The Board's factual finding that the reason for claimant's termination was that "he failed to report his personal knowledge of plans by a co-worker to commit an illegal act against the employer's interest" is amply borne out by the evidence; hence we are required to accept it. As for the authorities relied upon by the employer, they stand for the proposition that it is misconduct for an employee not to inform the employer of known and consummated illegal acts or unauthorized misdeeds (see *Matter of Sciascia* [*Levine*], 53 AD2d 762). Their factual posture is readily distinguishable; there obviously is a marked distinction between acts which are in fact inimical to the employer's interests and those merely posing potential threats thereto. Under the circumstances of this case, whether claimant's inaction constituted misconduct is a mixed question of law and fact involving considerations of policy relating to the intended scope of the meaning of "misconduct" under subdivision 3 of section 593 of the Labor Law. Resolution of that issue is within the Board's special province and, as its decision is not irrational, it is final (*Matter of Fisher* [*Levine*], 36 NY2d 146, 150-151).

Decision affirmed, without costs. Kane, J. P., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.