■ In the Matter of the Claim of MANUEL PADILLA, Respondent. SEPHARDIC HOME FOR THE AGED, Appellant. LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Weiss, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 6, 1984, which ruled that claimant was entitled to receive benefits.

Claimant was employed as an executive housekeeper in the employer's nursing home for approximately three years until May 20, 1983, when he was terminated for ostensibly submitting false bids for the purchase of certain industrial vacuum cleaners. The issue here is whether this incident constitutes misconduct. All parties agree that the employer required three competitive bids for any capital expenditure. Two purchase orders, dated April 18, 1983 and May 11, 1983, respectively, were purportedly submitted by claimant to the employer's executive director for final approval, listing prices from three particular companies. Accepting the employer's contention that claimant falsified two of the bids, the administrative law judge (ALJ) concluded that claimant was terminated under disqualifying conditions, i.e., for misconduct. The Unemployment Insurance Appeal Board reversed this determination, finding that the purchase orders "unintentionally omitted some of the names of the brands of the vacuum cleaners proposed", thus explaining the overpricing discrepancy in both purchase orders.

Misconduct presents a factual issue for resolution by the Board, whose decision will not be disturbed if supported by substantial evidence. Here, the record is replete with conflicting testimony as to whether, in fact, claimant procured three competitive bids as required, or simply falsified two of the bids. Moreover, claimant's contention that he did not submit the first purchase order to the executive director and never even saw the second purchase order is refuted by the employer's witnesses. Nonetheless, credibility issues and the inferences to be drawn from the evidence are within the exclusive province of the Board *(Matter of Di Maria [Ross],* 52 NY2d 771, 772). This holds true, notwithstanding the fact that the

Board did not view the witnesses or that the ALJ, who did, reached a different result, provided that substantial evidence supports the ultimate determination *(see, Moore v Ross,* 687 F2d 604, 608-609, *cert denied* 459 US 1115; *Matter of Knox [Catherwood],* 18 AD2d 1123, 1124). Contrary to the employer's suggestion, we do not view the Board's determination as merely second-guessing the ALJ's assessment of witness credibility. Although the Board might better have elaborated on the basis for refuting the ALJ's decision, a review of the record as a whole confirms a substantial evidentiary basis for the Board's determination which we, accordingly, affirm.

Decision affirmed, without costs. Casey, J. P., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.