■ In the Matter of the Claim of RACHELLE ATTIE, Appellant. SKOTT EDWARDS CONSULTANTS, INC., Respondent; LILLIAN ROBERTS, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 12, 1987, which ruled that claimant was disqualified from receiving benefits because her employment was terminated due to misconduct.

Skott Edwards Consultants, Inc. is an executive search firm which recruits high-level personnel for corporate clients. Claimant worked for Skott Edwards from 1979 to 1986. Her responsibilities included locating and interviewing candidates. In order to foster these goals, she was provided with company credit cards which were to be used to "wine and dine" prospective recruits. She was instructed to write on the back of the credit card receipt the name of the person entertained and the purpose of that entertainment. As part of a company audit, 23 individuals listed by claimant on card receipts submitted between February 1986 and May 1986 were contacted. Eighteen denied ever having met claimant on the dates specified or at the restaurants specified. As a result, claimant was discharged.

Claimant subsequently applied for unemployment insurance benefits. Her application was denied by the local unemployment office on the ground that she was terminated due to misconduct. Following a hearing, the Administrative Law Judge reversed the initial determination. The Administrative Law Judge's decision was reversed by the Unemployment Insurance Appeal Board and the initial determination was sustained. Claimant appeals.

Determining whether a claimant's actions constitute disqualifying "misconduct" within the meaning of Labor Law § 593 (3) is an issue for the Board which must be upheld if supported by substantial evidence (see, e.g., Matter of Padilla [Sephardic Home for Aged—Roberts], 113 AD2d 997; Matter of Johnson [Mutual Life Ins. Co.—Roberts], 105 AD2d 1033, 1034). Here, there was substantial evidence to support the

Board's finding that claimant submitted numerous credit card receipts with false information on them. These actions by claimant were tantamount to stealing from her employer. Consequently, the Board's decision should be affirmed.

Decision affirmed, without costs. Main, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.