■ In the Matter of the Claim of MICHAEL D. SHELTON, Appellant. JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Appeals from two decisions of the Unemployment Insurance Appeal Board, filed February 26, 1991, which, upon reconsideration, adhered to its prior decisions ruling that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct and that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Upon his late arrival to work on April 27, 1990, claimant, who had a history of attendance problems, asked his supervisor if he could leave work an hour early. Claimant not only admitted that he was told that he could not leave early, but he also testified that he was warned that if he did so, he would be discharged. Despite this warning and without permission, claimant left early. Under the circumstances, the Unemployment Insurance Appeal Board's decision that claimant's actions constituted misconduct disqualifying him from receiving unemployment insurance benefits is supported by substantial evidence (see, Matter of Nunes [Roberts], 98 AD2d 934; Matter of Antell [Mason & Hanger-Silas Mason Co.— Levine], 53 AD2d 712, appeal dismissed 40 NY2d 844; Matter

*of Schneiderman [Levine]*, 49 AD2d 779, *lv denied* 38 NY2d 706). We also find substantial evidence to support the Board's conclusion that claimant was not totally unemployed from April 23, 1990 to April 27, 1990 and he was, therefore, ineligible to receive benefits during that period *(see generally, Matter of Richman [Ross]*, 67 AD2d 746, *lv denied* 46 NY2d 711). Although claimant certified to the local office that his last day of work was April 20, 1990, the testimony at the hearing and the employer's records indicate that claimant's last day of work was April 27, 1990.

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the decisions are affirmed, without costs.