■ In the Matter of the Claim of MOHAMED M. ELEWA, Appellant. COMMISSIONER OF LABOR, Respondent. [670 NYS2d 945] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 23, 1997, which ruled that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

Claimant's employment as a registered respiratory therapist was terminated because he entered false data on his time sheet and left work before the end of his shift on September 9, 1996. The record indicates that claimant had previously been apprised of the employer's suspicion that his time sheet did not accurately reflect the actual hours he worked. The initial determination of the local unemployment insurance office held that claimant was disqualified from benefits because he lost his job due to misconduct. Claimant requested a hearing after which the Administrative Law Judge (hereinafter ALJ) overruled the initial determination, crediting claimant's testimony that he left work only a few minutes before the end of his shift on the day in question. The Unemployment Insurance Appeal Board reversed the ALJ, ruling that claimant was terminated under disqualifying conditions.

We affirm. Claimant's actions of falsifying his time sheet (*see, Matter of Binenbaum [Levine]*, 50 AD2d 684) and leaving work early without permission (*see, Matter of Shelton [Hudacs]*, 180 AD2d 997) were accurately characterized as disqualifying misconduct and supported by substantial evidence. To the extent that claimant provided testimony to the contrary, this presented a credibility issue for the Board to

resolve (see, *Matter of Limarzi [Sweeney]*, 244 AD2d 750). "[C]redibility issues and the inferences to be drawn from the evidence are within the exclusive province of the Board * * *. This holds true, notwithstanding the fact that the Board did not view the witnesses or that the ALJ, who did, reached a different result, provided that substantial evidence supports the ultimate determination" (*Matter of Padilla [Sephardic Home for Aged—Roberts]*, 113 AD2d 997, 997-998 [citation omitted]; see, *Matter of Horton [Hartnett]*, 176 AD2d 1103, 1104).

Claimant's remaining contention, that he was improperly denied his right to subpoena witnesses and documentary evidence, is not supported by the record.

Mikoll, J. P., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.