■ In the Matter of the Claim of MEDHAT G. ATTARA, Appellant. PERMIS CONSTRUCTION CORPORATION, Respondent; COM-

MISSIONER OF LABOR, Respondent. [687 NYS2d 178] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 5, 1998, which, upon reconsideration, adhered to its prior decision ruling, *inter alia*, that claimant was disqualified from receiving unemployment insurance benefits because his employment was terminated due to misconduct.

The Unemployment Insurance Appeal Board denied claimant's application for benefits on the ground that he was discharged from his employment as a project manager engineer due to disqualifying misconduct. According to testimony presented on behalf of the employer, claimant refused to comply with the employer's directions, including the employer's repeated requests for backup diskettes in connection with claimant's project reports, and he was unable to get along with others in the workplace. While claimant disagreed with the events surrounding his discharge and testified that he was told by the employer that he was discharged because work was slow and that he had supplied the requested diskettes, this conflicting testimony presented a credibility issue which the Board was free to resolve in the employer's favor (*see, Matter of Lloyd [Sweeney]*, 242 AD2d 817). An employee's failure to abide by a reasonable request of an employer can constitute misconduct (*see, id.; Matter of Shkedy [Sweeney]*, 240 AD2d 826) and we conclude that, under the circumstances of this case, substantial evidence supports the Board's decision. Furthermore, inasmuch as claimant indicated on his application for benefits that his employment was terminated due to lack of work, we find no reason to disturb the Board's finding that claimant made willful false statements to obtain benefits.

Cardona, P. J., Mikoll, Spain, Carpinello and Graffeo, JJ., concur. Ordered that the decision is affirmed, without costs.