■ In the Matter of the Claim of GORDON E. CANNON, Appellant. COMMISSIONER OF LABOR, Respondent. [697 NYS2d 181] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 25, 1998, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant's former employment ended under nondisqualifying circumstances and he filed an original claim for unemployment insurance benefits effective May 6, 1996. Claimant concedes that he was supplied with the appropriate informational handbook and also attended the applicable orientation sessions. On May 23, 1996, while claimant was receiving unemployment insurance benefits, he began working part time as a telemarketer for North American Bell Security Corporation. As established by North American's records, claimant worked three days during his first week of employment and five to six days each week thereafter. During this period, claimant continued to certify weekly for full unemployment insurance benefits. Claimant testified that he was advised over the telephone at one point by an unknown Department of Labor employee that an individual could be eligible for unemployment insurance benefits with part-time employment, but he admitted that he made no further inquiries and did not ask about certification for benefits. The Unemployment Insurance Appeal Board found claimant to be ineligible to receive unemployment insurance benefits on the ground that he was not totally unemployed. Claimant was also charged with a recoverable overpayment of unemployment insurance benefits and was also assessed a forfeiture penalty of benefit days upon

a finding that claimant made willful false statements to obtain benefits.*

We affirm. Substantial evidence supports the Board's assessment of claimant's credibility and the inferences drawn from the evidence presented (see, Matter of Falco [Sweeney], 246 AD2d 711, lv denied 92 NY2d 815; Matter of Silverstein [Sweeney], 236 AD2d 757), as well as the separate finding of willful misrepresentation (see, Matter of Le Pore [Sweeney], 248 AD2d 783, 784; Matter of Murak [Sweeney], 244 AD2d 751, 752). Although it was discussed at the hearing and in the Board's decision how the Commissioner of Labor in his April 28, 1998 redetermination mistakenly failed to include all of the weeks that claimant simultaneously worked for North American and certified for unemployment insurance benefits in the separate finding of willful misrepresentation (even though all of the affected weeks were utilized in the recoverable overpayment determination), we disagree with claimant's argument that he should not be assessed a recoverable overpayment for the weeks not included in the determination of willful misrepresentation. It is established in the record that claimant was not totally unemployed during the weeks included in the "gap" and these benefits are recoverable under most circumstances regardless of whether there was also a separate finding of willful misrepresentation (see, Labor Law § 597 [4]; cf., Matter of Gianna [Commissioner of Labor], 250 AD2d 921).

Cardona, P. J., Mikoll, Yesawich Jr., Spain and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.

(October 26, 1999)

---

* Contrary to claimant's argument, the Board's decision was not rendered "invalid" because a majority of the Board's members were not present (see, Labor Law § 534).