■ In the Matter of the Claim of J.D. SMITH, JR., Respondent. NEW VENTURE GEAR, INC., Appellant; COMMISSIONER OF LABOR, Respondent. [717 NYS2d 707] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 16, 1999, which ruled that claimant was entitled to receive unemployment insurance benefits.

Claimant was discharged from his employment as a stock chaser for allegedly assaulting a co-worker. Following a hearing, an Administrative Law Judge overruled the initial determination and ruled that claimant did not engage in disqualifying misconduct because he did not initiate the altercation and responded only to defend himself. The Unemployment Insurance Appeal Board affirmed this decision finding that claimant was entitled to receive unemployment insurance benefits and the employer appeals.

We affirm. "Misconduct presents a factual issue for resolution by the Board, whose decision will not be disturbed if supported by substantial evidence" (*Matter of Padilla [Sephardic Home for Aged—Roberts]*, 113 AD2d 997). Here, claimant testified that his co-worker initiated the physical confrontation and that he pushed the co-worker in order to protect himself. Inasmuch as the employer failed to produce the testimony of the co-worker, who still was in its employ, or the other employ-

ees who allegedly witnessed the incident, it was not improvident for the Board to resolve credibility issues in claimant's favor (*see, Matter of Berry [Noble Hosp. / Samaritan Med. Ctr.— Commissioner of Labor]*, 264 AD2d 923). Accordingly, we find that substantial evidence supports the Board's ruling that claimant did not lose his employment due to disqualifying misconduct and was entitled to unemployment insurance benefits (*cf., Matter of White [Commissioner of Labor]*, 268 AD2d 643; *Matter of Love [Commissioner of Labor]*, 249 AD2d 674).

Mercure, J. P., Crew III, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.