Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 22, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Claimant was employed as the local station manager of a religious broadcasting network. In December 2001, she was verbally reprimanded for refusing, initially, to contact a client to relate the employer’s decision—which claimant disagreed with— not to air the client’s program. In January 2002, claimant was placed on a 90-day period of probation for insubordination, based upon her preparation of a positive letter of recommendation for a former employee, allegedly after disagreeing with the employer’s decision to terminate the individual. During her probationary period, claimant criticized her employer in front of a subordinate on several occasions and, ultimately, was overheard in a public area of the employer’s premises expressing her dissatisfaction with the employer’s management to her pastor, following his appearance on one of the station’s programs. Reversing the decision of the Administrative Law Judge, the Unemployment Insurance Appeal Board ruled that claimant had lost her employment due to disqualifying misconduct.
Claimant’s contentions on appeal largely focus on credibility determinations which were within the Board’s province to resolve (see Matter of Pagan [Haig Press—Commissioner of Labor], 305 AD2d 845, 845 [2003]; Matter of Kim [Commissioner of Labor], 262 AD2d 693, 694 [1999]). Substantial evidence supports the Board’s decision finding that claimant exhibited a pattern of insubordination and active disagreement with her supervisors’ practices and policies in a manner which demonstrated a disrespect for the employer and undermined the employer’s authority. Accordingly, the Board’s determination that claimant’s behavior constituted disqualifying misconduct will not be disturbed (see Matter of Pagan [Haig Press— *777 Commissioner of Labor], supra; Matter of Smith [New Venture Gear—Commissioner of Labor], 278 AD2d 634 [2000]; Matter of Roman [Commissioner of Labor], 277 AD2d 589 [2000]).
Mercure, J.P, Crew III, Peters, Spain and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.