■ In the Matter of the Claim of CHERYL G. KRETCHMER, Appellant. COMMISSIONER OF LABOR, Respondent. [779 NYS2d 261]—

Kane, J. Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed September 24, 2002, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct, and (2) from a decision of said Board, filed December 9, 2002, which, upon reconsideration, adhered to its prior decision.

Claimant worked as a secretary for the employer until December 2001 when she was fired for insubordination. An attorney in claimant's department testified that he asked claimant to attach a copy of a filed document to a letter. The next day, the attorney saw the letter in claimant's supervisor's office and asked claimant if she had attached the document. Claimant answered "no," stating that she was not obligated to find the document because the supervisor had signed the letter without it. Upon further inquiry, claimant said that she looked for the document in her files, but could not find it. Over claimant's

protest, the attorney looked through the relevant file and quickly located the document. Claimant then admitted that she had not looked in the entire file. When the attorney addressed the issue with claimant, she said that she did not need to prove herself to him. Claimant's supervisor, who received a memo from the attorney outlining the misconduct, terminated claimant. After a hearing, an Administrative Law Judge (hereinafter ALJ) affirmed the initial determination that claimant was entitled to benefits. The Unemployment Insurance Appeal Board reversed the ALJ's decision and, on reconsideration, adhered to its prior ruling. Claimant appeals.

Substantial evidence supports the Board's finding that claimant lost her employment under disqualifying circumstances. Either insubordination or an employee's refusal to comply with an employer's reasonable request can constitute disqualifying conduct (*see Matter of Hart [Commissioner of Labor]*, 275 AD2d 832, 832 [2000]; *Matter of Talyansky [Magna Prods. Corp.—Sweeney]*, 236 AD2d 728 [1997], *lv denied* 90 NY2d 806 [1997]). Claimant's testimony, which presented a different version of events from that presented by the employer, created a credibility issue which was within the province of the Board to resolve, even though the Board did not view the witnesses and disagreed with the ALJ's decision (*see Matter of Elewa [Commissioner of Labor]*, 249 AD2d 618, 618-619 [1998]).

We reject claimant's contention that more than two members of the Board were required to consider the case on reconsideration, as the controlling statute makes clear that even one of the Board's members may conduct "*[a]ny* hearing, inquiry, or investigation required or authorized to be conducted or made by the board" (Labor Law § 534 [emphasis added]; *see Matter of Cannon [Commissioner of Labor]*, 265 AD2d 727, 728 n [1999]). Nor do we find any error in the ALJ's decision to exclude evidence that the employer was conducting layoffs at the time that claimant's employment was terminated, as it was irrelevant to the issue of whether claimant had engaged in disqualifying misconduct (*see* 12 NYCRR 461.4 [a]). We have reviewed claimant's remaining contentions and find them to be without merit.

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the decisions are affirmed, without costs.