In the Matter of the Claim of MARGARET FRANCANO, Appellant. COMMISSIONER OF LABOR, Respondent. [783 NYS2d 436]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 19, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board ruling that claimant was discharged from her employment as vice-president of designing and merchandising due to disqualifying misconduct. It is well settled that insubordination and an employee's refusal to comply with reasonable requests of the employer can constitute disqualifying misconduct (*see Matter of Kretchmer [Commissioner of Labor]*, 8 AD3d 849, 850 [2004]; *Matter of Pasquarosa [Euro Brokers—Commissioner of Labor]*, 260 AD2d 903, 904 [1999]; *Matter of Attara [Permis Constr. Corp.—Commissioner of Labor]*, 257 AD2d 936, 937 [1999]). The record here establishes that claimant engaged in a pattern of disrespectful and insubordinate behavior, which included failing to respond to telephone messages and e-mails from the company president, disregarding his repeated instructions to forward a fabric sample, as well as ignoring his directive to use the company e-mail, not her personal e-mail, when communicating with him

and copy the director of production on all but confidential e-mails. Furthermore, claimant criticized the company president in an e-mail in which she berated his management and business style as well as his expectations of her. Under these circumstances, we find no reason to disturb the Board's decision that claimant was disqualified from receiving benefits due to insubordination (*see id.*). Claimant's remaining contention that a new hearing is necessary due to the incomplete nature of the record has been reviewed and found to be without merit.

Cardona, P.J., Mercure, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.