■ In the Matter of the Claim of CATHERINE D. DANIUL, Appellant. COMMISSIONER OF LABOR, Respondent. [807 NYS2d 477]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 9, 2003, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant worked as a certified nurse's aide at a residential health care facility from January 2001 until January 2003. When her supervisor requested that she attend a meeting to discuss her job performance, she refused because she was upset and feared that she might say something prompting her termination. Even after her supervisor warned her that she would be discharged if she did not attend the meeting, she refused to do so. Claimant was terminated as a result and applied for unemployment insurance benefits. The Unemployment Insurance Appeal Board disqualified her from receiving benefits on the ground that her employment was terminated due to misconduct. Claimant now appeals.

An employee's insubordinate conduct in failing to comply with an employer's reasonable request can constitute disqualify-

ing misconduct (*see Matter of Tunne [Commissioner of Labor]*, 21 AD3d 1194, 1195 [2005]; *Matter of Francano [Commissioner of Labor]*, 12 AD3d 768, 768 [2004]). Here, the employer's request was reasonable and claimant's fear of discharge did not constitute a good reason for her failure to attend the meeting. She was fully aware that she was placing her job in jeopardy by refusing to do so. Under these circumstances, substantial evidence supports the Board's decision.

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.