In the Matter of the Claim of GLENNIS L. PETERSON, Appellant. COMMISSIONER OF LABOR, Respondent. [819 NYS2d 353]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 27, 2005, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she lost her employment due to misconduct.

Claimant was discharged from her employment as a sandwich production person when she refused a manager's request that she report to another of the employer's locations to run sandwich production and assist with preclosing duties. Following a hearing, an Administrative Law Judge found that claimant's refusal to comply with the directive was without good cause and denied her application for unemployment insurance benefits because she was terminated due to disqualifying misconduct. The Unemployment Insurance Appeal Board upheld the determination and claimant now appeals.

Whether an employee has been terminated for disqualifying misconduct is a factual issue for the Board to decide and its determination will not be disturbed if supported by substantial evidence (*see Matter of Smith [New Venture Gear—Commissioner of Labor]*, 278 AD2d 634, 634 [2000]; *Matter of Padilla [Sephardic Home for the Aged—Roberts]*, 113 AD2d 997, 997 [1985]). An employee's insubordinate conduct in refusing to comply with an employer's reasonable request can constitute disqualifying misconduct (*see Matter of Daniul [Commissioner of Labor]*, 25 AD3d 1061, 1061-1062 [2006]; *Matter of Francano [Commissioner of Labor]*, 12 AD3d 768, 768 [2004]). Here, claimant testified that her refusal was based upon her knowledge that the duties required at the other location would exceed her medical restrictions. However, claimant admitted that she refused to speak with the manager at the other location or a senior

manager at her primary location despite the opportunity to do so and several warnings that her failure to comply would result in termination of her employment. Thus, she failed to take reasonable steps to comply with her employer's request or to protect her employment (*see Matter of Mercure [Commissioner of Labor]*, 27 AD3d 857, 857 [2006]; *Matter of West [Commissioner of Labor]*, 2 AD3d 1251, 1252 [2003]; *Matter of Gorton [Genesee County Ch. NYSARC—Commissioner of Labor]*, 1 AD3d 682, 682 [2003]).

Cardona, P.J., Crew III, Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.