■ In the Matter of the Claim of MICHAEL P. YASTRZEMSKI, Appellant. COMMISSIONER OF LABOR, Respondent. [821 NYS2d 490]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 2, 2005, which, inter alia, denied claimant's application to reopen and reconsider a prior decision.

Claimant, a gardener for a landscaping company, complained to the employer that two coworkers were making comments about him to each other. The employer directed the coworkers not to speak to claimant and although they initially complied, claimant testified that the offensive conduct resumed within a few weeks. Without making further complaints to the employer, claimant quit despite the fact that continuing work was available. In a decision dated and filed June 8, 2005, the Unemployment Insurance Appeal Board ruled that claimant was disquali-

fied from receiving unemployment insurance benefits because he voluntarily left his employment without good cause. Upon granting claimant's subsequent application to reopen and reconsider its decision, the Board, by decision dated and filed July 20, 2005, adhered to its prior decision. Thereafter, by decision dated and filed November 2, 2005, the Board denied claimant's additional application to reopen and reconsider its decision. This appeal challenging the merits of the underlying determination denying his request for benefits ensued.

Initially, we note that because the record establishes that claimant's applications for reopening and reconsideration were made in a timely manner, his appeal brings up for review the merits of the original determination (*see Matter of Wood [Commissioner of Labor]*, 24 AD3d 854, 855 [2005]). Turning to the merits of the Board's decision, substantial evidence supports the Board's determination that claimant voluntarily left his employment without good cause inasmuch as the failure to get along with a coworker does not constitute good cause for leaving one's employment (*see Matter of Vazquez [Utopia Home Care, Inc.—Commissioner of Labor]*, 27 AD3d 814 [2006]; *Matter of Jenkins [Commissioner of Labor]*, 10 AD3d 745, 746 [2004]). Although claimant contends that the harassment from his coworkers exacerbated his health problems by creating more stress and anxiety, he did not receive any medical advice to leave his job.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the decision is affirmed, without costs.