■ In the Matter of the Claim of Sophie G. Ayad, Appellant. Alia-The Royal Jordanian Airline Corporation, Respondent; Commissioner of Labor, Respondent. [840 NYS2d 439]—

Lahtinen, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 13, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a ticket agent for an airline company for approximately seven months. She resigned from her position in August 2005 due to unhappiness about allegedly offensive comments regularly made by a coworker and dissatisfaction with her work environment. Claimant was initially denied unemployment insurance benefits, but, following a hearing, an Administrative Law Judge determined that claimant was entitled to benefits. The employer appealed and the Unemployment Insur-

ance Appeal Board reversed, ruling that claimant was disqualified from receiving benefits because of her voluntary separation from employment without good cause. Claimant now appeals the Board's decision.

We affirm. It is well settled that neither an inability to get along with a difficult coworker nor dissatisfaction with the work environment constitutes good cause for leaving employment (*see Matter of Yastrzemski [Commissioner of Labor]*, 32 AD3d 1123, 1124 [2006], *lv dismissed* 8 NY3d 896 [2007]; *Matter of Vazquez [Utopia Home Care, Inc.—Commissioner of Labor]*, 27 AD3d 814, 814 [2006]; *Matter of Fradys [Commissioner of Labor]*, 308 AD2d 672, 673 [2003]). At the hearing, claimant explained that conflict with her coworker caused her to become dissatisfied with the work environment. Conflicting testimony regarding exactly when and how often claimant alerted her employer to her coworker's offensive comments presented a credibility issue for the Board to resolve (*see Matter of Kretchmer [Commissioner of Labor]*, 8 AD3d 849, 850 [2004]; *Matter of Elewa [Commissioner of Labor]*, 249 AD2d 618, 618-619 [1998]) and, under the circumstances, the Board could find that claimant did not afford the employer a sufficient opportunity to address the situation prior to tendering her resignation (*see Matter of Roman [Commissioner of Labor]*, 32 AD3d 1067, 1068 [2006]; *Matter of Parker [Commissioner of Labor]*, 19 AD3d 903, 904 [2005]). As substantial evidence supports the Board's credibility determinations and ultimate decision, we decline to disturb the Board's decision disqualifying claimant from receiving benefits.

Claimant's remaining contentions have been considered and determined to be without merit.

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.