■ In the Matter of HOWARD R. SCHWARTZ, Appellant. NEW YORK CITY DEPARTMENT OF CITYWIDE ADMINISTRATIVE SERVICES, Respondent; COMMISSIONER OF LABOR, Respondent. [881 NYS2d 515]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 8, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Substantial evidence supports the decision of the Unemployment Insurance Appeal Board finding that claimant, a paralegal aide, voluntarily left his employment without good cause. "Neither general dissatisfaction with working conditions nor the inability to get along with a difficult coworker [has] been found to constitute good cause for leaving one's employment" (*Matter of Hutchinson [Commissioner of Labor]*, 56 AD3d 877, 878 [2008] [citations omitted]; *see Matter of Ayad [Alia-Royal Jordanian Airline Corp.—Commissioner of Labor]*, 41 AD3d 1126, 1127 [2007]; *Matter of Weaver [Commissioner of Labor]*, 6 AD3d 857,

858 [2004]). Here, the record reflects that claimant tendered his resignation after a coworker made remarks that claimant believed to be anti-Semitic. When claimant brought this incident to the attention of the employer's assistant general counsel, she advised claimant to memorialize the events in an e-mail or memorandum and she would review and forward it through the appropriate channels. Claimant declined to do so, purportedly due to fear of retaliation, and resigned effective immediately—a move he admitted at the hearing was a "snap decision" and a "mistake." Even accepting that claimant's prior complaints regarding this coworker went unanswered, his own testimony makes clear that he resigned due to the comments that were made to him on his last day of work. Under these circumstances, and because claimant resigned without affording the employer a reasonable opportunity to investigate and address the matter, we cannot say that the Board erred in concluding that claimant voluntarily left his employment without good cause (*see Matter of Barnett [Commissioner of Labor]*, 52 AD3d 1138 [2008]; *Matter of Ayad [Alia-Royal Jordanian Airline Corp.—Commissioner of Labor]*, 41 AD3d at 1127; *Matter of Roman [Commissioner of Labor]*, 32 AD3d 1067, 1068 [2006]). To the extent that claimant and the employer presented conflicting testimony, this presented a credibility issue for the Board to resolve (*see Matter of Hill [Commissioner of Labor]*, 54 AD3d 1123, 1124 [2008]; *Matter of Casey [Commissioner of Labor]*, 37 AD3d 964, 964-965 [2007]).

Spain, J.P., Lahtinen, Malone Jr., Stein and Garry, JJ., concur. Ordered that the decision is affirmed, without costs.