In the Matter of the Claim of TEDDY TEDESCO, Appellant. COMMISSIONER OF LABOR, Respondent. [901 NYS2d 433]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 15, 2008, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.

Claimant was employed for seven months as an interstate, long-haul, tractor-trailer driver. While on medical leave, claimant wrote a letter to the employer stating that he was on "strike" because he was dissatisfied with certain working conditions and gave the employer three options, one of which was to ask claimant to resign. In response, the employer paid claimant money that he was owed, and notified him that his resignation was accepted. Claimant was ultimately denied unemployment insurance benefits by the Unemployment Insurance Appeal Board and he now appeals.

We affirm. Substantial evidence supports the Board's decision that claimant voluntarily left his employment without good cause. General dissatisfaction with working conditions does not constitute good cause for leaving one's employment (see Matter of Wrobleski [Commissioner of Labor], 65 AD3d 1411, 1412 [2009]; Matter of Schwartz [New York City Dept. of Citywide Admin. Servs.—Commissioner of Labor], 62 AD3d 1231, 1231-1232 [2009]). Here, claimant alleged that he was forced to resign because he was frequently required to haul overweight loads and use unsafe equipment. However, the employer's representative testified, and claimant confirmed, that it was the responsibility of each driver to inspect the load and the equipment before each haul, and a driver could refuse to haul an overweight load or refuse to begin a haul until safety issues were addressed. Claimant's allegation that, despite this policy, refusal to haul a load would subject a driver to penalties raised a credibility issue for the Board to resolve (see Matter of Velez [Commissioner of Labor], 70 AD3d 1100, 1101 [2010]; Matter of Johnson [Commissioner of Labor], 67 AD3d 1228, 1229 [2009]). Thus, the Board's determination that claimant had resigned without good cause pursuant to his letter, rather than having been subject to constructive discharge, was supported by substantial evidence.

We have examined claimant's remaining contentions and found them to be either without merit or unpreserved for this Court's review inasmuch as they were not raised before the Board or at the administrative hearings (see Matter of Graham [Commissioner of Labor], 305 AD2d 926, 926 [2003]).

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.