Appeal from a decision of the Unemployment Insurance Appeal Board, filed August 26, 2013, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.
Claimant worked as a security officer at a hospital for over 19 years. In March 2011, he was injured while attempting to restrain a psychiatric patient which caused him to miss four months of work. When he returned, he was frequently required, as part of his job duties, to restrain patients. Claimant believed *1308 that the lack of adequate staffing was a source of the problem and that this rendered his job unsafe. Consequently, he resigned from his position. The Department of Labor denied his claim for unemployment insurance benefits on the ground that he voluntarily left his job without good cause. Although an Administrative Law Judge overruled the Department’s initial determination following a hearing, the Unemployment Insurance Appeal Board reversed and then upheld this decision upon reconsideration. Claimant now appeals.
We affirm. Initially, whether a claimant has good cause to leave employment is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence (see Matter of Pierre-Louis [Commissioner of Labor], 106 AD3d 1362, 1362 [2013]; Matter of Mkhitaryan [Commissioner of Labor], 86 AD3d 888, 888 [2011]). Notably, dissatisfaction with working conditions (see Matter of Tedesco [Commissioner of Labor], 73 AD3d 1412, 1413 [2010]) as well as job assignments (see Matter of Pierre-Louis [Commissioner of Labor], 106 AD3d at 1363) have been held not to constitute good cause for leaving one’s employment. Here, claimant was unhappy with that aspect of his job that required him to restrain unruly patients, which he attributed to the employer’s reduction in staff. Although he claimed that he reinjured himself restraining patients “on my own” following the March 2011 incident, and that this rendered his job unsafe, the record also contains evidence that he always had the option of calling an additional officer for assistance and, in most cases, a security supervisor would also respond to assist. Accordingly, we find that substantial evidence supports the Board’s decision that claimant left his job for personal and noncompelling reasons (see Matter of Pierre-Louis [Commissioner of Labor], 106 AD3d at 1363; Matter of Fischer [Levine], 52 AD2d 1006 [1976]).
Peters, EJ., Stein, Garry and Rose, JJ., concur.
Ordered that the decision is affirmed, without costs.