■ In the Matter of ROBERTA B. KATZ, Appellant. COMMISSIONER OF LABOR, Respondent. [994 NYS2d 726]—

Appeal from a decision of the Unemployment Insurance Ap-

peal Board, filed July 12, 2013, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

On December 3, 2012, claimant began working for an organization that provides vocational services for persons with disabilities. Her hours were Monday through Friday from 9:00 a.m. to 5:00 p.m. and she was being trained to take the position of director of accounting. Prior to accepting the job, she received the employer's assurance that her religious practices would be accommodated. In accordance therewith, she wanted to leave work at 2:45 p.m. on Friday, December 7, 2012 to observe the Jewish Sabbath. Her trainer scheduled a meeting on that date from 2:00 p.m. until 3:00 p.m., but told claimant that she could leave at 2:45 p.m. At 2:40 p.m., however, the trainer told claimant that she needed her to prepare a computer-generated report. When claimant responded that she could not complete it within five minutes, the trainer agreed to prepare it herself but then asked claimant to log on to her computer to get a password the trainer needed to do the report. At 2:50 p.m., after observing that claimant was upset and anxious to get home, she told claimant to leave. Claimant did not report to work the following Monday, but resigned from her position due to what she perceived was religious harassment. She applied for unemployment insurance benefits and the Unemployment Insurance Appeal Board ultimately ruled that she was disqualified from receiving them because she voluntarily left her employment without good cause. Claimant now appeals.

We affirm. Regardless of the inappropriateness of the trainer's actions, claimant resigned from her position without affording the employer an opportunity to investigate the matter or take corrective action. Indeed, she emailed the employer announcing her resignation the Sunday after the incident and before she even discussed it with the employer's human resources manager. Under these circumstances, substantial evidence supports the Board's finding that claimant voluntarily left her employment without good cause (*see Matter of Schwartz [New York City Dept. of Citywide Admin. Servs.—Commissioner of Labor]*, 62 AD3d 1231, 1232 [2009]; *Matter of Roman [Commissioner of Labor]*, 32 AD3d 1067, 1068 [2006]). We have considered claimant's remaining arguments and find them to be unpersuasive. Therefore, we decline to disturb the Board's decision.

Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ., concur. Ordered that the decision is affirmed, without costs.