*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 6, 2014                518718
_____

In the Matter of ROBERTA B.
   KATZ,
                    Appellant.
                                        MEMORANDUM AND ORDER
COMMISSIONER OF LABOR,
                    Respondent.
_____

Calendar Date:  September 16, 2014

Before:  Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ.

_____

        Abraham J. Katz, Lake Success, for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for respondent.

_____

        Appeal from a decision of the Unemployment Insurance Appeal
Board, filed July 12, 2013, which ruled that claimant was
disqualified from receiving unemployment insurance benefits
because she voluntarily left her employment without good cause.

        On December 3, 2012, claimant began working for an
organization that provides vocational services for persons with
disabilities.  Her hours were Monday through Friday from 9:00
a.m. to 5:00 p.m. and she was being trained to take the position
of director of accounting.  Prior to accepting the job, she
received the employer's assurance that her religious practices
would be accommodated.  In accordance therewith, she wanted to
leave work at 2:45 p.m. on Friday, December 7, 2012 to observe
the Jewish Sabbath.  Her trainer scheduled a meeting on that date
from 2:00 p.m. until 3:00 p.m., but told claimant that she could
leave at 2:45 p.m.  At 2:40 p.m., however, the trainer told
claimant that she needed her to prepare a computer-generated

report.  When claimant responded that she could not complete it within five minutes, the trainer agreed to prepare it herself but then asked claimant to log on to her computer to get a password the trainer needed to do the report.  At 2:50 p.m., after observing that claimant was upset and anxious to get home, she told claimant to leave.  Claimant did not report to work the following Monday, but resigned from her position due to what she perceived was religious harassment.  She applied for unemployment insurance benefits and the Unemployment Insurance Appeal Board ultimately ruled that she was disqualified from receiving them because she voluntarily left her employment without good cause. Claimant now appeals.

We affirm.  Regardless of the inappropriateness of the trainer's actions, claimant resigned from her position without affording the employer an opportunity to investigate the matter or take corrective action.  Indeed, she emailed the employer announcing her resignation the Sunday after the incident and before she even discussed it with the employer's human resources manager.  Under these circumstances, substantial evidence supports the Board's finding that claimant voluntarily left her employment without good cause (see Matter of Schwartz [New York City Dept. of Citywide Admin. Servs.—Commissioner of Labor], 62 AD3d 1231, 1232 [2009]; Matter of Roman [Commissioner of Labor], 32 AD3d 1067, 1068 [2006]).  We have considered claimant's remaining arguments and find them to be unpersuasive.  Therefore, we decline to disturb the Board's decision.

Peters, P.J., Stein, Garry, Egan Jr. and Devine, JJ., concur.


ORDERED that the decision is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court